PEOPLE ex rel. COYNE v. SHEA, Bridge Com'r, et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

CIVIL SERVICE COMMISSION—POLITICAL DISTRICTS—SEPARATE LISTS OF APPLICANTS.

    Under Laws 1899, c: 370, § 17, providing that, where the labor service of any department or institution extends to separate localities, the civil service commission may provide separate registration lists for each district or locality, the commission has power to certify separate lists to districts created by law; and a resident of the borough of Manhattan, to which borough his name was certified, cannot complain because his name was not certified to the borough of the Bronx.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Thomas G. Coyne, against John L. Shea, as commissioner of bridges of the city of New York, and others. From an order denying the writ, relator appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joab H. Banton, for appellant.
Theodore Connoly, for respondents.

McLAUGHLIN, J. The facts in this case are the same as those in the case of People ex rel. Melledy v. Shea (decided herewith) 76 N.

Y. Supp. 682, with the one exception that the relator herein resides in the borough of Manhattan, instead of the borough of the Bronx. This exception, however, clearly distinguishes this case from that. In the Melledy Case we held that the civil service commission had no power to subdivide existing localities into districts, but that it did have power to certify separate lists to such localities as had been created by legislative act. The city of New York has been divided by the legislature into boroughs. The bridge department of the city extends to all of the boroughs, and therefore the civil service commission had the power, under section 17, c. 370, Laws 1899, to certify separate lists of applicants for appointments to each borough. This the commission did, and the relator's name appeared upon the list certified for the borough of Manhattan, where he resided. By his application he seeks to be appointed, not in the borough of Manhattan, but in the borough of the Bronx, and his complaint is that his name was not certified to the latter borough; but, as indicated in the Melledy Case, he could not insist—the commission having determined otherwise—upon having his name certified to that borough, inasmuch as he did not reside therein, and for that reason his application for a peremptory writ of mandamus compelling the commissioners to certify his name for appointment in that borough was properly denied.

The order appealed from must therefore be affirmed, with $10 costs, and disbursements. All concur.