In the Matter of JOSEPH T. McDONOUGH, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, June 29, 1949.

*Charles C. Weinstein* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Ronald E. Coleman* of counsel), for respondents.

ELSWORTH, J.    The State Civil Service Commission held an examination on January 31, 1948, for court attendant in the following courts: " Appellate Division, First and Second Judicial Departments; Supreme Court, First and Second Judicial Districts; County Court, Counties of Bronx, Kings, Queens, and Richmond; Court of General Sessions, County of New York."

The following residence requirements were specified in the notice of the examination: " The examination will be open to persons who have resided in the counties, judicial districts, and judicial departments which are served by the court in which they seek appointment, for a period of four months immediately preceding the date of the examination.    Residents of the Ninth

Judicial District (comprising Dutchess, Orange, Putnam, Rockland and Westchester Counties) will be eligible only for appointments to the position of Court Attendant or Court Officer in the Appellate Division, Second Department, located in Brooklyn.''

Such notice also sets forth that: '' This application will be deemed to be filed for the position of Court Attendant or Court Officer, as the case may be, for all the above courts within the jurisdiction of the applicant's legal residence.''

The petitioner took the examination as a resident of Kings County in the Second Judicial District. Thereafter, on September 15, 1948, he and his family moved to New York County in the First Judicial District. About January 24, 1949, the petitioner was notified that he had passed the examination but that by reason of his change of residence to New York County he was '' ineligible for certification and appointment to a court in the certification district (county, judicial district, judicial department) of which you claimed to be a legal resident on the date of the written examination, until you reestablish legal residence in such certification district.''

In the present proceeding brought under article 78 of the Civil Practice Act, the petitioner contends that by reason of his present residence in New York County he is entitled to be certified for appointment in the First Judicial District rather than the Second Judicial District since but one examination was given and one list promulgated. He asks an order directing his certification in the First Judicial District by the Civil Service Commission in accordance with such contention.

The application is found wholly without merit.

In seeking certification and appointment under the examination in question the petitioner must be found to accept its validity. He could hardly be seeking to force his appointment under an illegal examination. Regardless of that fact, however, it is held here that the commission acted within its powers in holding one examination for the several court attendant positions and then certifying separate lists on the basis of residence eligibility. (See *People ex rel. Coyne* v. *Shea,* 73 App. Div. 239, and *People ex rel. Distler* v. *McGuire,* 68 Misc. 516.)

The petitioner qualified for the taking of this court attendant examination by having a required residence in Kings County. His eligibility for appointment was thereby limited to (1) the Supreme Court of Kings County, (2) the Appellate Division, Second Department, and (3) the County Court of Kings County. He took no examination for court attendant in the First Judicial District. He was not eligible to take such an examination because he lacked the necessary residence requirements.

Nothing has been shown here which in the slightest degree borders on disregard of constitutional or statutory limitations by the Civil Service Commission. Nor has any fact been disclosed which reveals that the commission acted arbitrarily or capriciously. Such determinations are specifically made in view of petitioner's apparent — but vague — effort to raise issues upon said grounds.

The petition fails to state facts sufficient for granting the relief sought and is dismissed.

Submit order.