Coon, J.
Petitioners are all nondisabled war veterans who have successfully passed a State-wide civil service examination for the position of State veteran counselor or senior State veteran counselor, or, in two instances, both. As a result of the examinations, the Civil Service Commission, on March 17, 1949, certified lists of eligibles for permanent appointment to the two positions. Pursuant to its ruling adopted at a meeting on February 19, 1949, the Civil Service Commission certified the lists of eligibles for State veteran counselor on the basis of residence within a judicial district, and included on the eligible list for each judicial district only those who resided within the terri *480 torial limits of that judicial district, with two exceptions: 1. The State-wide list was certified for appointments in Albany County as required by law. 2. Residents of the first, second and tenth judicial districts were certified as eligible for appointment in the borough of Manhattan, in accordance with a regulation theretofore adopted by the commission. The lists for senior veteran counselor were certified on the basis of residence within a veteran division district set up pursuant to section 166 of the Executive Law.
Petitioners instituted this proceeding under article 78 of the Civil Practice Act seeking an order directing the Civil Service Commission to annul its certification of eligible lists based upon residence within a judicial. district, and directing the commission to certify lists according to ratings on a State-wide basis, and for other relief intended to effectuate appointments on that basis.
It is unnecessary to relate the status of each petitioner on such lists in detail, but it may be said that none of the petitioners has been appointed; that positions from any certified list of eligibles upon which any petitioner’s name appears have been filled by the appointment of disabled war veterans having a higher preference; and that, considering the State as a whole, some appointments have been made of persons who had a lower rating than that of petitioners, such appointments having been made from eligible lists upon which petitioners names did not appear because they did not reside in the judicial district for which the list was made. This procedure is challenged by petitioners as violative of their constitutional right of preference as war veterans.
As I view the record in this proceeding, the only question presented by this appeal is whether petitioners’ constitutional right of preference as war veterans was violated by certifications and appointments being made on the basis of residence in judicial districts rather than on a State-wide basis.
Section 6 of article V of the Constitution of the State of New York, as amended effective January 1,1946, continued or created a preference for disabled war veterans in appointments and promotions in the civil service of the State and all of the civil divisions thereof, and, subject thereto, created a similar preference for a limited timé to nondisabled veterans. The language employed in creating such preferences is that such veterans “ shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made, without regard for his or her standing on any list from *481 which such appointment or promotion may be made. ’ ’ Preferences so mandated were recognized beyond any sound basis for challenge in the making of actual appointments from the lists involved. The method of making up the lists is the only subject which need be discussed.
At the time of the drafting and adoption of this Constitutional amendment there was and had been for about fifty years in the statutes of this State, section 14 of the Civil Service Law. Subdivision 8 of that section provides: ‘ ‘ Appointments to positions in the state service, the duties of which are confined to a locality outside of Albany County, shall, so far as practicable, be made from residents of the judicial district or districts including such locality.” No one seems to dispute that the duties of the positions here involved are confined to the locality.
The drafting and adoption of the constitutional amendment above referred to must be deemed to have been made in the light of and with consideration of existing legislation, and such legislation becomes operative in carrying out the constitutional provisions. (People ex rel. McClelland v. Roberts, 148 N. Y. 360; Chittenden v. Wurster, 152 N. Y. 345.)
To further implement the provisions of the constitutional amendment, the Legislature enacted section 21 of the Civil Service Law, effective April 5, 1946 (L. 1946, ch. 521). In substance, this section provides for preference in appointment or promotion from any eligible list or lists but it does not prohibit the Civil Service Commission from compiling such lists as it had in the past and in accordance with existing legislation. This enactment in no way abrogates or alters the provisions of subdivision 8 of section 14 of the Civil Service Law, with relation to appointments from judicial districts. It must be presumed that in making no exception to such existing provision applicable to veterans it was the intent of the Legislature that the provisions of the constitutional amendment would be rendered effectual by the granting of preference from lists prepared by judicial districts where practicable, and where the duties of the position are confined to the locality. It is demonstrated that such procedure is practical in the instant case, because no list of eligibles based on residence within a judicial district has been exhausted.
The positions of senior State veteran counselor and State veteran counselor have their origin in legislation enacted for aid to veterans in readjusting themselves to civilian life. (Executive Law, art. 14, §§ 160-171.) Prior to the enactment of this article the New York State Temporary Veterans’ Com *482 mission and the Governor recommended that counseling service be inaugurated and that State counselors “ be selected from localities in which they are to work ”. (N. Y. Legis. Doc., 1945, No. 7, p. 7.) The very nature of their duties indicate the wisdom of such a course. It is apparent that many of the problems of veterans are local in nature, and their solution requires a knowledge of and acquaintance with the veteran himself and the people, institutions and available opportunities within the community. Thus we have the Civil Service Commission complying with existing statutes and functioning in a manner which carries out the spirit and intention of legislation intended for the benefit of veterans.
There remains only the question of whether the statute which permits the procedure followed (Civil Service Law, § 14), violates the mandate of the Constitution. We think not. The preference mandated is preserved and operative. The fact that it is operative on the basis of residence in a judicial district instead of State-wide violates no express mandate of the Constitution. That method of operation is reasonable and fair, and has a background of fifty years of operation which has produced no injustice or inequity which indicated a change. Under the well-established rules of construction the constitutional provisions can be only a declaration of general policy to be implemented by legislation which carries out the general spirit and purpose. An act is presumed to be constitutional unless the contrary be clearly shown. While apparently no appellate court has passed upon the precise question presented, a well-reasoned opinion of the Attorney General of the State of New York (1914 Atty. Gen. 154) and the case of People ex rel. Coyne v. Shea, (73 App. Div. 239), involved the same principle as related to Civil War veterans’ preferences, and in each instance the conclusion reached is in accord with the view here expressed. The relief sought by the petition was properly denied by the court at Special Term.
The briefs of both parties discuss the propriety of a regulation adopted by the Civil Service Commission whereby the eligible list for the borough of Manhattan includes the names of residents of the second and tenth judicial districts as well as the first. We do not regard that question as before us on this application and do not decide it. The petition herein raises only the question of certification of lists by judicial districts as against certification of a State-wide list. No factual situation involving this particular regulation involving Manhattan is alleged in the petition or included in the prayer for relief or the *483 requirements of the order to show cause, nor does the petition indicate which petitioners are aggrieved by such regulation, if it were specifically challenged.
The order appealed from should be affirmed, without costs.
Poster, P. J., Brewster, Deyo and Bergan, JJ., concur.
Order appealed from affirmed, without costs.