◼ MADISON 52ND CORPORATION, Plaintiff, v. EMPIRE TRUST COMPANY, as Trustee, Defendant.— On this submission of controversy upon agreed facts, pursuant to sections 546 to 548 of the Civil Practice Act, judgment is directed, without costs, in favor of the defendant Empire Trust Company, as trustee, that the sum of $50,000 held by it in the lease security fund is the property of the holders of the bonds which were called for redemption as of January 1, 1960, and should be distributed to them pro rata, in accordance with the provisions of the indenture. The provisions of section 5 of article III of the Indenture of Mortgage, expressly designate the funds in the lease security fund as the property of the bondholders and direct that such funds "at the date of the maturity or prior redemption of all the Bonds shall be distributed pro rata to the holders of Bonds then outstanding on such date". Such provisions, as specific provisions directly applicable to the situation now existing, control rather than the general provisions of section 2 of article XIX of the Indenture providing that on redemption of the bonds the "mortgaged property shall revert to the Company [the plaintiff]" and that the trustee shall "repay to the Company any balance of any funds paid to the Trustee by the Company remaining in the hands of the Trustee". If there were any inconsistency between the specific provisions of section 5 of article III having to do with the distribution of the lease security fund on the redemption of the bonds and the general provisions of section 2 of article XIX, the specific provisions should control. The general rule is that where there is "inconsistency between a specific provision and a general provision of a contract * * * the specific provision controls". (*Muzak Corp.* v. *Hotel Taft Corp.*, 1 N Y 2d 42, 46.) In any event, when one considers the original source of the said lease security fund, it is clear that the provisions of section 2 of article XIX relied upon by the plaintiff, were not intended to and do not apply with respect to the disposition of the fund on the redemption of the bonds. It appears that such lease security fund was established by a payment from moneys ostensibly the property of the bondholders in that it was created by payment from the funds in the hands of the trustee under the former mortgage at the time of the reorganization in bankruptcy of the plaintiff and in that, if not so used, the said sum of $50,000 would have been available to further reduce the large arrears in interest owing to the bondholders at that time. In fact, under the plan of reorganization, duly approved by the United States District Court, the lease security fund was expressly declared to be "held in trust by the Trustee (under the new indenture of mortgage) as the property of and for the benefit of the holders of the bonds". Certainly, under these circumstances, this lease security fund was not "mortgaged property" or "funds paid to the Trustee by the Company [the plaintiff]" to be turned over to the plaintiff on the payment of the mortgage as provided for in said section 2 of article XIX. We have examined and have found no merit to the plaintiff's point that an illegal lottery is in effect created by the construction of the indenture of mortgage by a holding

that the lease security fund is the property of the bondholders. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.