■ In the Matter of BERNARD HENS et al., Respondents, v. ERNEST L. COLUCCI et al., Constituting the Municipal Civil Service Commission of the City of Buffalo, Appellants.— Order unanimously reversed, without costs of this appeal to any party, and petition dismissed, without costs. Memorandum: The requirement of the Municipal Civil Service Commission of the City of Buffalo that petitioners be residents of the City of Buffalo at the time of their examinations is not arbitrary, capricious, unreasonable or unlawful. Subdivision 1 of section 20 of the Civil Service Law provides that " Each municipal civil service commission shall prescribe, amend and enforce suitable rules for carrying into effect the provisions of this chapter * * * for examinations therefor and for appointments, promotions, transfers ". Pursuant to the authorization of said section 20, the commission enacted rules relating to preliminary qualifications for examination. One of these is rule 13, which provides " The Commission may refuse *to examine an applicant* * * * who is found to lack any of the established preliminary requirements for the examination or position for which he applies ". (Italics added.) Such a provision not only is permitted under section 50 (subd. 4, par. [a]) of the Civil Service Law, but has been upheld as

not in violation of either the Civil Service Law or the Constitution. (*Matter of Mullins* v. *Mongello*, 280 N. Y. 543; *Matter of McDonough* v. *Conway*, 196 Misc. 840.) The "preliminary requirements" for examination are further dealt with in the commission's rule 1 (subd. 1) which states in substance that applicants for positions in the open competitive class must have resided and dwelt continuously in the City of Buffalo more than two years immediately preceding the date of the examination. Rule 20 states that generally a person must have legal residence in the City of Buffalo to be entitled *to enter an examination for promotion*. Furthermore, by section 4 of chapter 1 of the Ordinances of the City of Buffalo, the legislative body has declared that "it shall be the duty of each employee of the City of Buffalo during the period of his employment by said city to maintain his residence and dwelling within the corporate limits of said city." Thus the city, as well as the commission, has voiced general approbation of a residence requirement, rather than to indicate a waiver thereof. Subdivision 4 of section 50 of the Civil Service Law gives municipal commissions the right to refuse *to examine* an applicant who has filed for admission to the examination. (See, also, Civil Service Law, § 23, subd. 4; Public Officers Law, § 3, subd. 1; Rules for the Classified Civil Service of the City of Buffalo, rules 8, 9, 11.) The fact that the city has not strictly enforced the residence requirements as to persons who are presently employees does not create a waiver of its right to insist upon the preliminary requirement of residence at the time of an examination. (Appeal from order of Erie Special Term directing the respondents to allow the petitioners to complete a certain civil service promotional examination for Junior Captain, Department of Fire, in the City of Buffalo.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.