John R. Tenney, J.
In this CPLR article 78 proceeding, petitioner requests a hearing for the purpose of determining the legality of certain acts of the respondent. The petitioner as the Chief of the Fire Department of the City of Syracuse was furnished by the respondent, Commissioner of Personnel of Onondaga County, a list of persons eligible for appointment to the Syracuse Fire Department. On October 15, 1973, 24 firefighters were appointed from the list. The chief gave preference to those on the list who were residents at the time of appointment. They were certified by the commissioner and have completed their training as firefighters.
On January 2, 1974, the commissioner advised the petitioner that he intended to decertify 11 of the 24 individuals. He stated that the appointments were improper because the *841 11 did not meet the residence requirements for a preference. He contends that they must have been residents for six months at the time of the examination to be eligible for a preference. (Rules of Civil Service Commission, rule VII [a].) It is conceded they were not residents at the time of examination.
There is no need for a hearing in this matter. The facts are clear and undisputed. The only issue which must be determined is whether or not the commissioner has properly interpreted the residency requirements. This court finds that he has not. The appointments of the 11 individuals were proper and the decertification must be nullified.
There are conflicting statements regarding residence requirements. The notice prepared by the respondent Commissioner of Personnel advertised the position of firefighter for open competitive examination scheduled for January 27, 1973. It lists basic requirements stating the salary and the vacancy, specifically, in the City of Syracuse Fire Department, with a statement that "the resulting eligible list will be used to fill present and future vacancies and will be established for a two-year period.” The contested portion is listed under Residence, which reads as follows: "Candidates must have been legal residents of Onondaga County for at least one (1) year immediately preceding date of examination. Preference and appointment may be given to City of Syracuse residents.”
On an attached page there is a list of 13 general instructions. There is no reference to the general instructions as to residence on the notice. However, No. 6 of the general instructions reads: "Unless otherwise stated, all candidates are required to be legal residents of the municipality in which they are seeking appointment for not less than six months, immediately preceding advertised date of examination. Candidates for City of Syracuse examinations must also meet City of Syracuse Charter requirements regarding residence at the time of appointment.”
The use of the term "candidates” is the same. It appears that the residence requirement on the notice complies with the phrase "otherwise stated.” This would nullify the need for candidates to be residents of the municipality (City of Syracuse) for six months. Reading both paragraphs, it is clear that the only qualification to take the examination and for appointment is the individual be a resident of Onondaga County for one year prior to the examination.
*842 The general rule in the construction of contracts would apply. An inconsistency between a specific provision and a general provision requires that the specific provision control. (Muzak Corp. v Hotel Taft Corp., 1 NY2d 42; Madison 52nd Corp. v Empire Trust Co., 12 AD2d 600.) Although it is clearly stated on the notice, in the event of any potential ambiguity the specific provision on page one of the notice should prevail over any general provision which is designed to apply to all situations. To hold otherwise, would imply that the requirements established by the County Personnel Department were in violation of subdivision 4 of section 3 of the Public Officers Law.
A municipality may require that a candidate for a position be a resident prior to examination. (Matter of Hens v Colucci, 18 AD2d 762.) Neither Onondaga County nor the City of Syracuse have imposed such a condition in this case. Residence in the county is the only requirement for taking the examination. Furthermore, there is no indication that appointment would be limited to city residents only. Such a provision would violate subdivision 4 of section 3 of the Public Officers Law.
It is agreed that any resident of the county on the list is eligible for appointment. The sole issue is the eligibility requirements for a preference which as stated "may be given to City of Syracuse residents.”
The commissioner’s position is that residence for preference purposes is to be determined by the general provision "all candidates are required to be legal residents * * * for not less than six months preceding advertised date of examination.” There is no indication on the notice that this condition is to be determinative of the issue of preference. There is no reference to preference nor is it anywhere stated in the Rules of the Civil Service Commission. The authority for granting preferential treatment is set forth in subdivision 4-a of section 23 of the Civil Service Law which states that "an appointing authority of a department or agency of a city or civil division may require that eligibles who are residents * * * shall be certified first”.
There is no such requirement in the rules of the commission or in the city charter. In the absence of a written requirement, the notice shall be determinative. It states that preference may be given. Reading subdivision 4-a of section 23 and the notice, whether a city resident is given preference is an *843 option left to the appointing authority of the city, i.e., the Chief of Fire.
Since it is apparent that the six-months residency requirement does not apply to candidates for this particular position, it cannot be arbitrarily construed as the criteria for granting a preference. Absent specific language, the only residence requirement for preferential treatment is that the certified person live in the City of Syracuse at the time of appointment. Such an interpretation is consistent with the Syracuse Charter and the Civil Service Law. (See Syracuse City Charter, § 7; L 1885, ch 26, as amd; 1960 Charter, § 5-911; Local Law No. 13, 1960; Civil Service Law, § 23, subd 4-a.) If the commissioner seeks to impose other standards for preferential treatment, they should be clearly stated and accepted by the municipality. Otherwise, the conditions of residency for a preference shall be as determined by the appointing authority subject to any charter limitations.