OPINION OF THE COURT
Shanley N. Egeth, J.
In this proceeding brought pursuant to CPLR article 78, petitioner seeks relief from the enforcement of section 822 of the New York City Charter.
i. background
Petitioner has been employed as a civil servant in the Law Department of the City of New York since February 2, 1976. During all such time, petitioner has been a resident of Lawrence, New York, and a nonresident of New York City (City).
Petitioner was required to execute the following agreement *656 (Agreement) as a precondition to his employment with the City:
"Pursuant to the provisions of Section 820 [since renumbered to section 822] of the New York City Charter, I agree that if I am or become a non-resident individual as that term is defined in Section T46-6.0 of the Administrative Code of the City of New York * * * or any similar provision of such Code at any time on or after January 1, 1974, and during my employment by the City of New York, hereinafter called the City:
"1. I will pay to the City an amount by which a city person income tax on residents computed and determined as if I were a resident individual, as defined in such section, during such employment, exceeds the amount of any city earnings tax and personal income tax imposed on me for the same taxable period.
"2. The City, at such payroll period, shall deduct and withhold from my wages or compensation, an amount equal to the amount it would be required to withhold for city personal income tax on residents if I were a resident individual as defined in such section, to be credited to my city earnings and/or income tax liability and to my liability under this agreement and said Section 820 of the New York City Charter.
"3. Within ten days of filing them I will furnish the Finance Administrator of the City with copies of my Federal income tax return and my State income tax return (if any).
"4. Whenever my status as a non-resident individual or a resident individual changes I will notify the head of the agency by which I am then employed, the City Personnel Director, the Comptroller and the Finance Administrator of such change.”
Since commencing employment with the City, petitioner has not complied with the provisions of the Agreement. The City apparently made no effort to enforce same until on or about December 1, 1978, when petitioner was advised that failure to file form NYC-822, in accordance with the Agreement, for each year of his employment with the City would result in disciplinary action, including dismissal. Petitioner was further informed that if he did not so act, the Comptroller of the City of New York would secure copies of petitioner’s tax returns for the years in question, and that his liability to the City under the Agreement would be determined therefrom.
*657 II. ISSUES
In the instant proceeding, petitioner seeks (1) a declaration that section 822 of the New York City Charter is unconstitutional, (2) to prohibit respondents from enforcing the Agreement, and (3) to prohibit respondents from seeking any information concerning petitioner’s tax returns for the purpose of enforcing the Agreement.
Petitioner’s arguments can be summarized as follows: (a) the City does not have the power to impose an income tax unless specifically authorized by the laws of the State of New York, (b) the payments required by section 822 of the New York City Charter and the agreement signed by petitioner constitute an unauthorized income tax, (c) the respondents are prohibited by certain right to privacy statutes from inspecting, receiving or reviewing petitioner’s prior income tax returns.
A. CONSTITUTIONALITY OF SECTION 822 OF THE NEW YORK CITY CHARTER
At the outset, the court notes that an action challenging the constitutionality of a statute should properly be brought as an action for declaratory judgment. With all necessary parties present, however, the court will treat the instant action as if maintained in the proper form, in furtherance of the interests of justice and judicial economy (CPLR 103, subd [c] ; Kovarsky v Housing & Dev. Admin., 31 NY2d 184).
The courts, especially those of original jurisdiction, act with extreme caution when asked to determine the constitutionality of a statute. Issues of constitutionality are examined and decided only where raised by one personally aggrieved thereby, and clearly necessary to proper disposition of the litigation before the court (St. Clair v Yonkers Raceway, 13 NY2d 72, cert den 375 US 970; Matter of Peters v New York City Housing Auth., 307 NY 519).
The instant petitioner does not have sufficient standing to challenge the constitutionality of section 822 of the New York City Charter. Petitioner is not aggrieved by the operation of section 822, but rather by the terms of a contract in which he agreed to comply with the provisions contained in the statute. Petitioner is not subject to or threatened with involuntary and arbitrary enforcement of section 822. The only recourse available to respondents for petitioner’s refusal to abide by the terms of the agreement is to commence a *658 plenary action for breach of contract in which the validity of the statute would not be at issue. This court therefore need not pass upon the constitutionality of section 822 of the New York City Charter in the context of the present proceeding.
B. VALIDITY OF THE AGREEMENT
The court will, however, consider that part of the petition which seeks to enjoin respondents from enforcing the Agreement. If the Agreement is, as petitioner claims, an attempt to make legitimate an unauthorized imposition of a tax, enforcement thereof may be prohibited, pursuant to CPLR 7803 (subd 2), and as an unconscionable contract (see Matter of Rhinelander, 290 NY 31).
The obligation to pay a tax is not dependent upon a contract (Bristol v Washington County, 177 US 133), nor can it be assumed by contract (Welch v Henry, 305 US 134). Taxes are forced contributions imposed upon citizens to pay the expenses of government, and are in no way related to the will or contract, express or implied, of the persons taxed. (City of Rochester v Bloss, 185 NY 42.)
The agreement signed by petitioner is in the nature of a contract. Petitioner assumed certain obligations (to make payments required by section 822 of the New York City Charter) in return for consideration (employment) provided by the City. Petitioner voluntarily signed the Agreement before commencing employment with the City; the readily available alternative was not to accept such employment and the preconditions thereto.
In addition, section 822 of the New York City Charter is a valid exercise of powers granted to every city in New York State. It is clear that each city has full authority to establish conditions of employment for its employees.
The New York State Constitution (art IX, § 2, subd [c], par [1]) grants local governments the power to adopt laws relating to: "(1) The powers, duties, qualiñcations, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees” (emphasis added).
Section 20 of the General City Law empowers every city in New York State
"17. To determine and regulate the number, mode of selection, terms of employment, qualifications, powers and duties *659 and compensation of all employees of the city and the relations of all officers and employees of the city to each other, to the city and to the inhabitants.
"18. To create a municipal civil service; to make rules for the classification of the offices and employments in the city’s service, for appointments, promotions and examinations”.
The contract freely entered into by petitioner with the City is therefore authorized by statute, is not unconscionable, nor is it an indirect involuntary tax. It is an enforceable contract.
c. petitioner’s right to privacy
It is clear that the Agreement cannot properly be enforced without reference to petitioner’s Federal and/or State income tax returns. Respondents’ access to such information, however, is severely restricted. Section 6103 of the Internal Revenue Code (US Code, tit 26, § 6103) and subdivision (e) of section 697 of the Tax Law prohibit the disclosure respectively of Federal and New York State tax returns and the particulars thereof, except as specifically authorized by law. No such authorization exists for respondents to obtain this information pursuant to enforcement of the Agreement.
Respondents concede that, absent voluntary compliance with the Agreement by petitioner, the only proper enforcement mechanism is an independent, plenary action for breach of contract. In such action the court may, if appropriate, order disclosure of petitioner’s tax returns, either by directing the production of the return by the proper governmental authority (see, e.g., Tax Law, § 697, subd [e]) or by petitioner himself (Gould v Sullivan, 54 NYS2d 430, affd 269 App Div 736).
III. DISPOSITION
Although there is no proof that the respondents have or are about to obtain petitioner’s income tax returns without benefit of court order in a separate plenary action, this possibility is not expressly denied by respondents. Accordingly, the court will take the precaution of granting the petition to the extent of permanently enjoining the respondents from so proceeding in excess of their jurisdiction and authority (CPLR 7803, subd 2).
For the reasons stated above, all other aspects of the petition are denied.