OPINION OF THE COURT
Michael J. Dontzin, J.
Motions Nos. 85 and 86 of the calendar of August 21, 1979 are consolidated for disposition.
The plaintiff and defendant move for summary judgment in an action in which the plaintiffs, four New York City police officers, seek to invalidate section 822 of the New York City Charter.
The plaintiffs seek: (a) a declaration that section 822 is unconstitutional; (b) an order restraining the defendant from implementing and enforcing section 822; and (c) a refund of the amounts paid by the plaintiffs pursuant to the provisions of section 822.
Section 822 of the New York City Charter provides that as a condition precedent to employment, all city employees must sign an agreement to the effect that in the event they are nonresidents of the City of New York, or they become nonresidents they will pay to the city "an amount by which a city personal income tax on residents computed and determined as if he were a resident individual, as defined in such section, during such employment, exceeds the amount of any city *713 earnings tax and city personal income tax imposed on him for the same taxable period.” The plaintiffs are four New York City police officers, appointed subsequent to the enactment of section 822, who reside outside the City of New York.
It is the plaintiff’s position that: (a) section 822 is inconsistent with subdivision 2 of section 3 and subdivision 4 of section 30 of the Public Officers Law; (b) violates the constitutional requirement that appointments to the civil service shall be made according to merit and fitness and (c) unilaterally and unconstitutionally impairs contract obligations and rights.
public officers law (§ 3, subd 2; § 30, subd 4)
Subdivision 2 of section 3 of the Public Officers Law which is applicable here, prohibits a municipality from denying nonresidents appointment to its police force, provided that the person resides in one of several specified municipalities within the State. Subdivision 4 of section 30 of the Public Officers Law prohibits certain municipalities from removing a police officer from his office on the grounds of nonresidency within the municipalities provided the officer is a resident of several of the enumerated counties within the State.
Attempts by the City of New York to impose residency requirements on the municipal employees have proven fruitless as inconsistent with the afore-mentioned provisions of the Public Officers Law (Uniformed Firefighters Assn. v City of New York, NYLJ, Oct. 20, 1978, p 5, col 1, affd 71 AD2d 843; Matter of Maye v Lindsay, 33 NY2d 552, revg 41 AD2d 127, affg opn of Mr. Justice Silverman, 69 Misc 2d 276, cert den 414 US 1069).
Plaintiffs contend that section 822 is an attempt by the City of New York to accomplish by fiscal means that which is prohibited by statute; namely, to deny nonresidents employment in the city’s uniform services. In support of this they rely on the established principle that a government may not achieve by fiscal means that which it is prohibited from doing outrightly (Crandall v State of Nevada, 6 Wall [73 US] 35; Shapiro v Thompson, 394 US 618).
Plaintiffs claim that the imposition of the resident city income tax upon nonresidents constitutes such a burden as to effectively deter nonresidents from applying for positions in the city’s civil service. This premise is totally unsupported by any showing that section 822 has had such an effect. In point of fact, it is common knowledge that a large percentage of city *714 employees of the uniform and nonuniform services today reside out of the City of New York. Plaintiffs have been in service for some six years and have borne the burden of higher taxation.
Section 822 of the New York City Charter is in and of itself not inconsistent with the Public Officers Law. It is a valid condition of city employment (see Matter of Legum v Goldin, 99 Misc 2d 654).
MERIT AND FITNESS
Plaintiffs’ claim that section 822 of the charter violates the merit and fitness provision of the State Constitution (art V, § 6) is premised on the contention that it favors less qualified resident applicants over more qualified nonresidents.
Section 6 of article V of the Constitution of the State of New York provides', in pertinent part, as follows: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable”.
At the outset this court is not persuaded that section 822 has the effect ascribed to it by the plaintiffs.
Assuming, arguendo, that it does act as a de facto residency statute, it still would not be violative of the Constitution of the State of New York. Our courts have upheld residency requirements in those instances where they were made in conformance with the statutory authority of the Legislature. (Matter of Nigro v Board of Trustees of Vil. of Alden, 57 AD2d 695; Matter of Contento v Kohinke 42 AD2d 1025, mot for lv to app den 33 NY2d 520; 1974 Opns Atty Gen 330.)
Plaintiffs’ reliance on Mr. Justice Silverman’s opinion in Matter of Maye v Lindsay (69 Misc 2d 276, supra) is misplaced. In Maye, the court held that the city’s program was invalid by restricting eligibility to residents of certain parts of the city and that the program violated the merit and fitness provisions of the Constitution. However, the court’s opinion made it clear that the holding was confined to situations wherein residency was mandated in an area less than the political subdivision of the appointing authority. As the court stated (at p 286): "This is not the first time that an effort has been made by civil service commissions to limit appointment to residents of particular areas less than the political subdivi *715 sion in which they are appointed, and to do so without statutory authority. Such efforts have uniformly been declared invalid on the ground that the only residence requirement that can be imposed without express statutory authority is a residence requirement not more restrictive than a recognized political subdivision of the State.” (Emphasis added.)
The State Legislature considers residency requirements to be consistent with the concept of merit and fitness. Subdivision 4-a of section 23 of the Civil Service Law provides as follows: "4-a. Residence restrictions for local positions. The state civil service department or municipal commission having jurisdiction over positions in a city or civil division may require that candidates for examination for appointment to any such positions be residents of such city or civil division, or residents of the county or judicial district in which such city or civil division is located, or of any reasonable combination of political subdivisions both in and outside of New York State contiguous to such city or civil division or contiguous to the political subdivision in which such city or civil division is located. An appointing authority of a department or agency of a city or civil division may require that eligibles who are residents of such city or civil division shall be certified first for appointment, provided, however, no such preference shall be given on appointments from promotion lists.”
The validity of civil service provisions relating to residency has been held not in violation of the State Constitution (see Matter of Hens v Colucci, 18 AD2d 762).
Therefore, even accepting the plaintiff’s conclusion that section 822 constitutes a residency requirement, which this court does not, a residency requirement in and of itself would not constitute a violation of the merit and fitness provisions of the State Constitution.
CONTRACT RIGHTS AND OBLIGATIONS
Plaintiffs contend that section 822 "unconstitutionally impairs contract obligations and rights” in that the notice of examination for the civil service examination taken by plaintiffs provided that police officers, at the time of their appointment, must reside in New York City or in Nassau, Westchester, Suffolk, Orange, Rockland, or Putnam Counties. That the effect of section 822 is to add an additional qualification to the notice of examination and thereby to effectively bar residents of counties outside the city from accepting these jobs.
*716 It is the court’s opinion that section 822 in no way alters any of the qualifications for police officers which are set forth in the notice of examination. Section 822 does not prohibit police officers from residing in the counties enumerated in the notice of examination; rather it merely provides that every applicant for city employment agree that, in the event that he is or becomes a nonresident, he will pay an amount equal to resident city income tax.
Accordingly, the plaintiffs’ motion for summary judgment is denied and the defendants’ motion for summary judgment dismissing the complaint is granted.
Settle Order.