In the Matter of DANIEL McGUINN et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v CITY OF NEW YORK et al., Respondents. [670 NYS2d 460] —Order, Supreme Court, New York County (Paula Omansky, J.), entered December 19, 1996, which denied petitioners' application pursuant to CPLR article 78 challenging respondents' decision to add five points to the final weighted scores of candidates for Firefighters Examination No. 0084 who proved that they resided in New York City as of April 1, 1995, unanimously affirmed, without costs.

The State Constitution's merit and fitness standard for the civil service is not violated by the subject scoring credit for New York City residency, which, after calculating the written and physical examination scores, simply adds an additional factor to the various qualifications deemed pertinent to the position sought, including economic and public safety benefits (*see, Matter of Thomas v Kern*, 280 NY 236 [proper to give educational and athletic training credit]; *cf., Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 386-387 ["there is nothing inherently arbitrary in the consideration of residency for civil service positions, nor does such consideration presumptively violate constitutional merit and fitness principles or the public policy of this State"]). While the credit obviously disadvantages candidates who live in nearby counties, New York City residency is not required for appointment, and therefore the credit does not violate Public Officers Law § 3 (9) (*cf., Watts v McGuire*, 102 Misc 2d 711, *affd* 81 AD2d 791, *lv denied* 55 NY2d 603). Nor does the credit violate the veteran's preference of Civil Service Law § 85, which as the IAS Court noted, does not address residence. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.