In the Matter of PASQUALE DI NARDO, Petitioner, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Respondent.

First Department, May 12, 1953.

*Philip V. Manning* for petitioner.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* Petitioner, who had served honorably in the police force for a period of ten years and had attained the rank of sergeant and passed an examination for promotion to lieutenant, has been dismissed from the department on a finding made by the third deputy commissioner that he perpetrated a rape.

We shall not review the evidence in detail, although it is a detailed consideration of the evidence which leads us to the conclusion that the determination should be annulled. We would unhesitatingly reverse this determination if made by a court or jury, upon the ground that the finding was contrary to the weight of the credible evidence. Our only doubt in this case is whether we may take such action in respect to an administrative finding, which is to be sanctioned if supported by substantial evidence.

Can it be said that the finding here was not supported by substantial evidence? There was the evidence of the woman in question and, if accepted, it would support the charge. Her testimony is, however, wholly uncorroborated and there are many facts which cast grave doubt upon the reliability of her testimony and lead us to find it incredible. The place at which the alleged rape occurred, in the front seat of an automobile parked on a busy thoroughfare, carrying heavy traffic even at the late hour of the night at which the offense was supposed to have taken place, the long period of time during which com-

plainant was allegedly compelled to submit herself to petitioner without an outcry or attempt to leave the car, the absence of any disarray of her clothing or other evidence of trauma, and the complete absence upon the examination of her person made shortly after the alleged offense of any evidence of intercourse or assault, all discredit the complainant's story.

The law for sound reasons requires corroboration of the testimony of a complainant in a rape prosecution. We do not say that this rule of the criminal law necessarily applies to an administrative proceeding, but we do think that the principle of the law is pertinent to an evaluation of the evidence and determination of whether it is sufficiently substantial to prevail against all reasonable probabilities. The substantiality of evidence is related to the nature of the charge and the quality and quantity of the proof. In any kind of trial involving a charge of rape, special scrutiny must be given to the evidence of a complainant and the charge must be supported by convincing evidence. In the last analysis, we think substantial evidence means evidence which is entitled to carry conviction. The evidence in support of the charge in this case does not carry conviction and we feel justified in holding that the finding of the commissioner is not adequately supported.

Indeed, in the circumstances of the present case, the absence of any evidence to support the charge except the testimony of the prosecutrix and the total absence of any corroborative proof are the omission of a vital safeguard against the likelihood of manifest and gross injustice and irreparable damage, and amount to dispensing with an essential element of a fair trial.

The determination appealed from should be annulled and petitioner reinstated.

Peck, P. J., Glennon, Dore, Van Voorhis and Bergan, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner, and the petitioner reinstated.