In the Matter of REGINALD THOMAS, Petitioner, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.

In the Matter of LAWRENCE FINUCANE, Petitioner, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.

In the Matter of HENRY AUSTIN, Petitioner, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.

First Department, April 8, 1976

*Edwin Ira Schulman* of counsel *(Schulman & Laifer,* attorneys), for petitioner in first above-entitled proceeding.

*Carmine J. Perrotta* for petitioners in second and third above-entitled proceedings.

*Francis F. Caputo* of counsel *(L. Kevin Sheridan* and *Michael Ambrosio* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for respondents.

*Per Curiam.* All of the members of the court concur that there is substantial evidence to support the respective findings and determinations of the Police Commissioner as to the petitioners Thomas and Finucane and that the respective petitions should be denied.

With respect to the petition of Austin, some reservation has been expressed. Upon reflection, we have doubt whether under the circumstances brought to our attention, through the briefs, the determination of the Police Commissioner was warranted.

A reviewing court should not accept or confirm a determination merely because it was made by an administrative officer. The reviewing court has more than a passive, acquiescent function to perform when it passes upon such a determina-

tion. On the contrary, it has a real judicial function to exercise where it reviews the sufficiency and the substantiality of the evidence upon which that agency has acted (see, for example, *Matter of Reynolds v Triborough Bridge Tunnel Auth.,* 276 App Div 388). A court should set aside a determination of an administrative agency when there is no substantial evidence of a competent, probative force to sustain the administrative conclusion *(Matter of Di Nardo v Monaghan,* 282 App Div 5).

While it is recognized that a finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of a fact may reasonably be drawn *(Matter of Stork Rest. v Boland,* 282 NY 256, 274), nevertheless, we should be mindful of the observation in that case: "There is often greater difficulty in applying the test than in formulating it." The Court of Appeals went on to say: "The evidence produced by one party must be considered in connection with the evidence produced by the other parties. Evidence which unexplained might be conclusive may lose all probative force when supplemented and explained by other testimony."

Of course in the first instance the determination whether there is substantial evidence to support a determination is for the administrative officer, or as in *Stork Restaurant,* the agency.

With respect to the determination as to Austin it would appear that in view of the mass nature of the disciplinary hearing (there were 19 police officers on trial at one time and the trial covered 39 sessions) and the meagre extent of the testimony inculpating petitioner (the alleged unlawful receipt of $20 from a polluted source without any appreciable elaboration of the circumstances), and the contradictory and exculpatory evidence submitted in petitioner's behalf and by petitioner, there is a serious question whether the trial commissioner's finding of guilt is indeed supported by substantial evidence.

In *Edison Co. v Labor Bd.* (305 US 197, 229) appears the following definition: "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

A recognized commentator on administrative law has observed: "Obviously the test of reasonableness under the sub-

stantial-evidence rule is unprecise and susceptible of different application by different courts or even by the same court in different cases. Any attempt to make the test more specific is likely to be unprofitable. The scope of the judicial inquiry is not rigidly held to a single and unalterable degree but necessarily varies in accordance with the needs of particular cases, sometimes approaching judicial assumption of the fact-finding task and sometimes involving a seemingly blind acceptance of ill-supported findings. Some play in the joints is probably both inevitable and desirable. The words of a formula are not and never have been a wooden mold into which all the variables and imponderables must be fitted. The history of judicial review abundantly demonstrates that irrespective of formulas the judges will manage to maintain ample elbow room for taking into account special needs of particular cases." (Davis, Administrative Law, § 254, pp 915-916 [1951].)

It may be that petitioner is guilty as charged, but this determination should be made, in the circumstances, at a trial unaffected by findings of guilt against others where the evidence was indeed substantial.

Accordingly, with respect to petitioners Thomas and Finucane, the findings and determination of the Police Commissioner should be confirmed, without costs. With respect to Austin, his petition should be granted but only to the extent of ordering a remand for a new hearing, and otherwise it should be denied, without costs.

MARKEWICH, J. P., MURPHY, BIRNS, SILVERMAN and LANE, JJ., concur.

*Matter of Thomas v Codd:* Determination of the respondent Police Commissioner unanimously confirmed and the petition dismissed, without costs and without disbursements.

*Matter of Finucane v Codd:* Determination of the respondent Police Commissioner unanimously confirmed and the petition dismissed, without costs and without disbursements.

*Matter of Austin v Codd:* Determination of the respondent Police Commissioner unanimously annulled, on the law, without costs and without disbursements, and the petition granted to the extent of remanding for a new hearing and otherwise denied.