LOUIS N. ROZAKIS, Petitioner, v ABRAHAM BEAME, as Mayor of the City of New York, et al., Respondents.

PASQUALE N. BUTTINO et al., Petitioners, v ABRAHAM BEAME, as Mayor of the City of New York, et al., Respondents.

CHARLES F. WOEHR, Petitioner, v ABRAHAM BEAME, as Mayor of the City of New York, et al., Respondents.

First Department, November 30, 1976

. *Ronald H. Shechtman* of counsel *(Murray A. Gordon, P. C.,* attorney), for petitioners.

*Susan L. Bloom* of counsel *(L. Kevin Sheridan* with her on the brief; *W. Bernard Richland, Corporation Counsel),* for respondents in first above-entitled action.

*Lawrence B. Jones* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for respondents in second and third above-entitled actions.

MURPHY, J. Each of the four petitioners, an officer in the New York City Fire Department, in three separate article 78

proceedings, seeks to annul the determination made by the Fire Commissioner finding him guilty of having violated various departmental rules and regulations and imposing fines (plus a transfer in the case of Woehr) as the appropriate sanction. A common thread running through all four cases is the attempt by respondents to impose a form of strict liability on these officers for the derelictions of their subordinates. While accountability is to be generally encouraged, we find the respective determinations in the instant proceedings to be unwarranted.

Our power, in reviewing administrative determinations made after hearings have been held, is, concededly, limited. (CPLR 7803, subd 4; *Matter of Pell v Board of Educ.*, 34 NY2d 222.) However, we are not impotent. *(Matter of Thomas v Codd,* 51 AD2d 418; *Matter of Reynolds v Triborough Bridge & Tunnel Auth.,* 276 App Div 388.) To avoid judicial disturbance, each such determination must, on the entire record, be supported by substantial evidence. (CPLR 7803, subd 4; *Matter of Pell v Board of Educ., supra.)* For the reasons hereinbelow stated, we find the evidence adduced insufficient to sustain the administrative conclusions in each proceeding.

### Matter of Rozakis v Beame

Captain Rozakis, a 35-year veteran with a prior unblemished record, was charged with failure to requisition for an inspection of, and repair to, a potentially dangerous condition in the gasoline system of an engine company. On December 22, 1973, Fireman Mera was injured when gasoline gushed up into his eyes while he was venting the gasoline tank in the basement of the fire house. Mera was inexperienced in this task and attributed the incident to his improper loosening of the cap.

Captain Rozakis was not on duty at the time of the accident, which was duly reported and entered. When he arrived at the fire house he read the entry relating thereto made by Lt. Shields and then personally inspected the gasoline system, but noted no gas fumes or flow of gasoline. He loosened the cap without incident. After speaking with Lt. Shields and examining the report of the occurrence, he concluded that no repairs or alterations were required.

The record further discloses that a repair requisition was filed in April, 1974, but no defects were found; and that an explosion at the company's quarters occurred on May 4, 1974,

but no causal connection between these two events was established.

The issue of this petitioner's guilt turned, then, on the question of whether repairs or alterations to quarters were required after the December 22 incident. We find no substantial evidence adduced to support such a finding. The mere fact that a requisition was filed some three and one-half months later and that an explosion occurred approximately four and one-half months later, without more, is not enough to support the Fire Commissioner's conclusion. On the contrary, it appears from the instant record, as petitioner asserts, that the December 22, 1973 accident resulted from human error and that no follow-up procedures were indicated.

*Buttino and Paone v Beame*

Lieutenants Buttino and Paone, neither of whom had previously been the subject of any disciplinary proceeding, were in charge of Engine Company 76 and Ladder Company 22, respectively, on November 24, 1973, when the premises occupied by both companies was visited by the Borough Commander of Manhattan, Assistant Chief Sneider. Chief Sneider arrived at approximately 5:40 P.M., 20 minutes before the close of the 9 A.M. to 6 P.M. tour of duty, to supervise a roll call and to conduct a routine investigation.

At the roll call, during which time the company journal was "frozen" by Chief Sneider, it was ascertained that one fireman had been improperly relieved by another. Fire Department regulations permit early relief (not to exceed 30 minutes) on a mutual exchange basis at the discretion of the officer on duty on certain conditions, one of which requires the recording of the incoming member by the fireman performing housewatch duties. The housewatchman on duty on this occasion was found guilty of making false journal entries.

Respondents established that improper relief had occurred. However, neither officer was charged with taking part in any such improper relief, only with responsibility for these violations because of their supervisory duties.

The testimony at the consolidated hearing disclosed that both officers had, themselves, been relieved at the time of the roll call and it is uncertain as to who was in actual command at the critical time. Were it not for the fact that the journal had been "frozen", it is probable that neither petitioner would have been in technical command at the time of the roll call.

But, even assuming both petitioners were still in command,

we find the evidence of neglect too insubstantial to support the findings. Under the circumstances of these proceedings, neither petitioner knew, or could have known, of the wrongful actions of the men under their command. During the crucial time period, 5:40 P.M. to 6 P.M., the company journal was "frozen", precluding examination thereof by either petitioner. In sum, since neither petitioner, on the instant record, has violated any rule or regulation of the Fire Department, we are not prepared to hold that they are nevertheless absolutely and strictly accountable for the actions and conduct of their respective subordinates.

## Matter of Woehr v Beame

Captain Woehr, who had an unblemished record after 25 years of service in the Fire Department, was found guilty of failing to personally supervise a tank truck delivery of gasoline to the quarters of an engine company he was temporarily commanding. The sole departmental witness, Fireman Burke, testified that he notified the company office (there were two companies and one battalion office sharing the quarters) of the truck's arrival and asked for the necessary special fitting to make the appropriate connection. He was told by some unidentified voice, over the intercom system, that the fitting was not in the office. It was eventually located. A Lieutenant Meschky was on duty and was observed, part of the time, on the apparatus floor while the delivery was made. The truck was not visible from the company's offices. At the time of the truck's arrival Burke did not know the whereabouts of petitioner or if petitioner was aware of such fact. Although Burke was not given any instructions as to measuring the fuel tank in quarters or where the measuring gauge connection was, he did not know whether any of the other 11 firemen on duty had been given such instructions by a company officer.

The pertinent rule and regulation of the Fire Department requires the officers on duty to personally supervise the filling of gasoline tanks and to oversee certain specified functions.

However, the single witness produced by the department could not testify as to whether petitioner had notice of the event which would initiate his obligations, or, if he had notice, that said obligations were, in fact, met by instructions to Lieutenant Meschky or to another fireman. No theory of strict liability may be imposed merely because petitioner was the officer on duty on the day in issue. On the record in this proceeding, the evidentiary support for the finding is too

precarious to be sustained. (Cf. *Matter of Stork Rest. v Boland,* 282 NY 256.)

In light of the foregoing, the several determinations of respondent Fire Commissioner reviewed herein should be annulled, on the law, without costs, and the respective petitions granted.

Settle orders on notice.

MARKEWICH, J. P., SILVERMAN, CAPOZZOLI and NUNEZ, JJ., concur.

The several determinations of respondent Fire Department Commissioner reviewed herein unanimously annulled, on the law, without costs and without disbursements, and the respective petitions granted.