■ In the Matter of LEE NIGRO, Petitioner v BOARD OF TRUSTEES OF THE VILLAGE OF ALDEN, Respondent.—Determination unanimously confirmed, without costs. Memorandum: This is a proceeding pursuant to CPLR article 78 transferred to this court by order of the Supreme Court at Special Term to review a determination of the Board of Trustees of the Village of Alden, New York, which terminated petitioner's, Lee Nigro, employment as a police officer on the ground that he was not a resident of the Town or Village of Alden. We confirm the determination. Petitioner was hired as a police officer by the Village of Alden Police Department on September 9, 1973. At this time petitioner lived with his wife and child in the City of Buffalo. On August 18, 1975, as authorized by section 30 of the Public Officers Law, the board of trustees adopted a resolution requiring all members of the village police department to reside within the territorial limits of the Town or Village of Alden "at all times". The police department regulations (art 5, rule 1) were amended on that same date to include the residency requirement. Previously, petitioner had agreed to move within the town or village limits within six months of August 5, 1975 or else resign his position. On March 31, 1976 the Mayor of the Village of Alden filed four charges against petitioner alleging: (1) that petitioner had failed to comply with a prior agreement to establish residence in the Town or Village of Alden by February 5, 1976; (2) that petitioner's letter of February 9, 1976 stating that he had taken up residence within the village constituted a false statement; (3) that petitioner was in violation of the Village of Alden Police Department regulations requiring residence within the town or village; and, (4) that petitioner had engaged in a course of conduct of evasiveness and

obstructiveness and had failed to co-operate with respondent. On April 29, 1976 a hearing on the charges was conducted. By notice of May 1, 1976 petitioner was found guilty of all charges and his employment with the Village of Alden was terminated. In this proceeding petitioner contends that respondent's determination that he is not a resident of the Village of Alden is unsupported by substantial evidence. The primary question presented is whether respondent properly determined that petitioner was not a resident of the Village or Town of Alden. In view of the specific purpose for which the village's residency requirement was enacted, it is clear that continual or at least extended physical presence at an abode within the town or village is what the village resolution and police regulation requires. Such will insure that a policeman "may respond * * * promptly and be available to render active service" (Public Officers Law, § 30, subd 4, par [3]; *Matter of Contento v Kohinke,* 42 AD2d 1025, mot for lv to app den 33 NY2d 520). At the hearing evidence was presented that petitioner rented an unfurnished apartment in the Village of Alden and that he paid $150 per month rent for part of January and all of February, March and April, 1976. Petitioner, however, listed his phone number as that of his wife's residence in Buffalo. Petitioner's apartment in the village has no telephone, no refrigerator and no stove. The gas consumption for the period of January 15, 1976 through March 17, 1976 was 17,000 cubic feet or less than 40% of the consumption for the same period the previous year when the premises were occupied by a man, a woman and a baby. Between January 15, 1976 and March 8, 1976, 28 kilowatts of electricity were consumed. There was an indication that no water was used between February 11, 1976 and March 8, 1976. From March 8, 1976 to March 19, 1976, 30 gallons were consumed, 10 gallons of which were drawn to determine whether the meter was working. Petitioner asserts in his attempt to explain such a low utility consumption that he works two jobs, lives alone, visits his child in Buffalo, eats meals out and does his laundry at his parents' home. The Court of Appeals recently stated in *Matter of Pell v Board of Educ.* (34 NY2d 222, 230) the applicable standard of review of administrative action in article 78 proceedings: " 'neither the Appellate Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact; * * * "the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is 'substantial evidence' " ' " (citations omitted). Substantial evidence has also been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *(Edison Co. v Labor Bd.,* 305 US 197, 229) or evidence sufficient "to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury" *(NLRB v Columbian Enameling & Stamping Co.,* 306 US 292, 300). The substantial evidence standard is not a demanding one, it requires essentially only that the administrative determination appealed from be reasonable *(Matter of Pell, supra,* p 231). We find sufficient relevant evidence in this record to support the conclusion that petitioner has not established a residence within the town or village in compliance with the village resolution and police regulations (cf. *Edison Co. v Labor Bd., supra; Matter of Thomas v Codd,* 51 AD2d 418, 420). Thus, where substantial evidence exists, as here, to support the respondent's determination, that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support a different conclusion *(Matter of Collins v Codd,* 38 NY2d 269, 270; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Stork Rest. v Boland,* 282 NY 256). (Article 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.