■ In the Matter of THELMA DAVIS, Individually and on Behalf of Her Dependent Children, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: This proceeding was transferred to us pursuant to CPLR 7804 (subd [g]) to review the initial determination of respondent Lascaris as well as the determination, after a fair hearing, of respondent Blum. Petitioner made application for an additional allowance for both the 1976-1977 and 1977-1978 winters when heating bills exceeded the allowance made to her for fuel. The local agency denied the request for both winters. After a fair hearing held May 9, 1978, respondent Blum determined that the denial of the request for an additional fuel allowance for the 1976-1977 heating season made by the local agency was improper and directed the agency to re-evaluate her request and provide her with assistance, and affirmed the determination pertaining to the 1977-1978 heating season. In a similar hearing conducted March 1, 1978, Blum had found in favor of Gabriel Saulle on her (1977-1978) application for additional heating fuel allowance. The petitioner, recipient of public assistance for herself and her children, challenges the determination of respondents in denying her request for additional allowance for fuel for the 1977-1978 winter on the grounds that the administrative decision is inconsistent with the Saulle decision, arbitrary and contrary to law. She seeks to have this court annul the fair hearing decision, declare the 1977-1978 winter to have been an exceptionally severe one as a matter of law and direct payment of an additional allowance. Provision is made in the regulations to grant an additional allowance for fuel when made necessary by exceptionally severe weather, overly exposed location or unusually poor construction of a dwelling or by reason of poor health (18 NYCRR 352.5 [c]). The mere reference by the hearing officer to the severity of the 1977-1978 winter in the Saulle matter does not warrant a finding that all applicants are entitled to an additional allowance. Each application is considered separately and a determination is made on the merits of each. A review of the Saulle decision discloses that the basis of the commissioner's finding was that "The credible evidence is that appellant's residence is of unusually poor construction." Our review under CPLR 7803 (subd 4) is limited to the question of whether substantial evidence exists to support respondent's determination (Matter of City of Rome v New York State Health Dept., 65 AD2d 220). If substantial evidence exists to support the determination, it must be sustained irrespective of whether there is evidence available to support a different conclusion (Matter of Nigro v Board of Trustees of Vil. of Alden, 57 AD2d 695). A review of the whole record indicates that there is substantial evidence for respondents' determination and we may therefore not disturb it (Matter of Pell v Board of Educ., 34 NY2d 222). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present— Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.