OPINION OF THE COURT
Vasilios C. Arniotes, J.
*65 Petitioners have moved this court for an order enjoining the respondent, pursuant to CPLR 7805, from revoking the petitioners’ license and that judgement be granted annulling and vacating the respondent’s decision.
This matter arose when on or about September 25, 1998, the Department of Consumer Affairs (DCA) served the petitioners with a notice of hearing. The note of hearing contained causes of actions for repeated violations of section 20-700 of the Administrative Code of the City of New York (unfair trade practices prohibited) and 6 RCNY 5-100 (sufficient quantities) and 5-36 (sale of used items). On October 27, 1994, after being cited numerous times for violations of the Administrative Code, the petitioners originally entered into a stipulation with DCA agreeing to fully comply with the provisions of section 20-700. On March 15, 1996, the petitioners entered into a second stipulation with DCA agreeing to the terms that their license would be revoked if DCA received seven complaints within one year. Between April of 1997 through November of 1998 DCA received 70 complaints against the petitioners. After the notice was served, a hearing was held in January 1999 where Administrative Law Judge Christopher Kerr ordered the petitioners to pay in excess of $45,000 in fines and restitution and also recommended petitioners’ revocation of their license. The decision was then approved by Senior Administrative Law Judge Karen Miller. Thereafter, the decision was appealed and ultimately affirmed by Director of Adjudication Elise Berkower. Finally, the petitioners brought this CPLR article 78 proceeding.
In an article 78 proceeding, “the doctrine is well settled, that neither the Appellate Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact; and that ‘the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is “substantial evidence.” ’ ” (Cohen and Karger, Powers of the New York Court of Appeals § 108, at 460 [rev ed 1992]; 1 NY Jur, Administrative Law, §§ 177, 185; see also, Matter of Pell v Board of Educ., 34 NY2d 222 [1974].) The only questions that may be raised in a proceeding under this article are: (1) whether the body or officer failed to perform a duty enjoined upon it by law; or (2) whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or (3) whether determination was made in violation of lawful procedure, was affective by an abuse of discretion as to the measure or mode of penalty or discipline *66 imposed; or (4) whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence. (CPLR 7803 [1], [2], [3], [4].) The arbitrary and capricious test chiefly relates to whether a particular action should have been taken or is justified and whether the administrative action is without foundation in fact. (1 NY Jur, Administrative Law, § 184, at 609.) Arbitrary action is defined as being without sound basis in reason and is generally taken without regard to the facts. (Matter of Colton v Berman, 21 NY2d 322, 329.) Furthermore, where a hearing is held, the determination must be supported by substantial evidence. (CPLR 7803 [4].) Substantial evidence is related to the charge or controversy and involves a weighing of the quality and quantity of the proof (Matter of Di Nardo v Monaghan, 282 App Div 5, 7; McCormick, Evidence § 352 [2d ed]); it means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. (New York State Labor Relations Bd. v Shattuck Co., 260 App Div 315, 317.) Essential attributes are relevance and a probative character. (Consolidated Edison Co. v National Labor Relations Bd., 305 US 197, 229; Matter of Ralph v Board of Estimate, 306 NY 447, 454.) Also, substantial evidence is less than a preponderance of evidence, overwhelming evidence or evidence beyond a reasonable doubt. (People ex rel. Consolidated Water Co. v Maltbie, 275 NY 357, 370.)
After careful review of all administrative records and law pertaining to this matter, it is the court’s opinion that the decision of Administrative Law Judge Kerr is sound. The petitioners’ allegations that the Administrative Law Judge’s decision is arbitrary and capricious and their allegation that the decision constituted an abuse of discretion are without merit. Furthermore, the petitioners’ argument that they were denied due process and their argument that the penalty is excessive are also without merit. For the above reasons, the determination to revoke petitioners’ license is sound.
This court disagrees with the petitioners’ allegation that the decision is arbitrary and capricious or that the decision constitutes an abuse of discretion. The petitioners, in this matter, were afforded a fair administrative hearing in which DCA introduced complaints of 11 consumers, two DCA investigators, two outside investigators, one computer engineer, one DCA paralegal and a DCA community associate, consisting of over 500 pages of transcript. The petitioners, in turn, were afforded an opportunity to present their case as well. Weighing the evi *67 dence and deciding which testimony is sufficiently persuasive or unpersuasive is the Administrative Law Judge’s prerogative. Furthermore, the petitioners were afforded an appeal process where Director of Adjudication Elise Berkower affirmed the decision. This court, in the above matter, does not see evidence of abuse of discretion, arbitrary or capricious deliberation, nor denial of due process.
Finally, the penalty sought by respondent is not excessive. A penalty is to be determined by the agency after a decision based upon substantial evidence, and “is not to be disturbed unless it is clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances.” (Kostika v Cuomo, 41 NY2d 673, 676 [1977].) Judicial review of administratively imposed sanctions is limited: only when the sanction is, under the circumstances, so disproportionate to the offense as to “shock the conscience of the court” (Matter of Pell v Board of Educ., 34 NY2d 222, 232-235, supra; see also, Matter of Harris v Mechanicville Cent. School Dist., 45 NY2d 279 [1978]). In light of the numerous violations committed by the petitioners and in light of the petitioners’ breach of two stipulations with DCA, revocation of the petitioners’ license is not seen by this court as “disproportionate” nor “shocking to the conscience of the court.”
Accordingly, the petitioners’ motion for an order enjoining the respondent from revoking their license is denied.