■ 177 CHRISTIE, INC., on Behalf of Itself and All Others Similarly Situated, et al., Appellants, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK et al., Respondents. [921 NYS2d 245]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.) entered January 12, 2010, which denied the petition seeking, inter alia, to vacate two determinations of respondent Environmental Control Board (ECB) that petitioners had violated former section 24-220 (b) of the Administrative Code of the City of New York, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Given that petitioners provided no reason why the doors to their respective establishments were open while music played inside, ECB's conclusion that the reason was to entice others to patronize the eateries had a rational basis (cf. *Matter of GH Ville v New York City Envtl. Control Bd.*, 194 Misc 2d 503 [2002]). Since the music played was for advertising purposes, drew potential customers to a specific establishment, and was economically motivated, it was commercial speech, which is subject to greater regulation than other speech (*see Bolger v Youngs Drug Products Corp.*, 463 US 60 [1983]). Here, because the subject regulation merely required that such establishments as those operated by petitioners keep the doors closed when music is played, it was narrowly tailored to the important governmental interest of protecting the peace and quiet of the public (*see Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N. Y.*, 447 US 557, 564 [1980]).

In view of the foregoing, petitioners cannot be considered an appropriate representative of a proposed class under CPLR article 9. Concur—Friedman, J.P., Sweeny, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 30009(U).]**