(110 App. Div. 588.)

In re BERGMANN.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. INSANE PERSONS—GUARDIAN—APPOINTMENT—FOREIGN JUDGMENTS—VALIDITY—COLLATERAL ATTACK.

Where an alleged incompetent while sojourning in another state was inveigled into an insane hospital, and there incarcerated and a guardian appointed for her for the fraudulent purpose on the part of her relatives to get possession of her estate, when in fact she was not insane, such proceedings did not amount either to an adjudication of her nonresidence in New York, or as to her insanity, and were open both to direct and collateral attack in proceedings in New York.

2. SAME—COMMITTEE—APPOINTMENT—DETERMINATION OF INSANITY.

A committee of an alleged incompetent resident of New York can be appointed only after the issuing of a commission and the determination of a jury, as provided by Code Civ. Proc. § 2327, except where the application is made on behalf of the state authorities, and the incompetent is in the state hospital as provided by section 2323a.

3. SAME—FOREIGN COMMITTEE—ANCILLARY APPOINTMENT.

Where a petition for the appointment of a committee for an alleged incompetent showed that the person was insane, and was a resident of New York, and that the so-called guardian who had been appointed for her in another state was not legally such, the New York court had no jurisdiction to appoint him as ancillary committee of such person's person or estate under Code Civ. Proc. § 2326, providing that where a committee has been appointed for a nonresident incompetent the court may appoint such person a committee in New York to manage the incompetent's property within that state.

Appeal from Special Term, Greene County.

Application of Ferdinand Bergmann for the appointment of a committee of the person and property of Louise B. O'Connor, an alleged incompetent. From an order modifying and confirming an order appointing William D. Brinner as committee of Mrs. O'Connor, one Gaffney appeals. Reversed.

Appellant Gaffney resisted the proceedings, claiming to be the guardian of the incompetent appointed in lunacy proceedings in New Jersey, and as her committee at a Special Term in the city of New York after the appointment of Brinner, and as such he moved to set aside the order appointing Brinner, which the court modified so as to appoint Brinner a committee of the incompetent's property only.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

John V. Bouvier, Jr., for appellant.
Henry Wetherhorn, for respondent.

JOHN M. KELLOGG, J. The petition upon which Brinner was appointed committee was made by the brother of the alleged incompetent, and alleged, in substance: That she had been a resident of Acra, Greene county, N. Y., for 10 years last past, and as she was about to take a trip to Europe, as had been her custom for years, she went from her home to Hoboken, Hudson county, N. J., engaged her passage, and made the necessary arrangements for sailing on the 9th day of June, 1904. That upon her arrival in Hoboken a few days prior thereto, she received a note from a physician in Newark saying that her daughter was about to undergo an operation, and that her presence was immediately requested at the place where the bearer would direct her. She accompanied the bearer to the place, inquired about the operation upon the daughter, and was then taken to a room and locked up, informed that no operation was to be had, and that she was the person wanted. She was in Essex County Insane Hospital, at Newark, N. J. That her said daughter and son-in-law, and one Gaffney, inveigled her to Newark, and the county where the proceedings were had, caused her to be incarcerated and adjudged insane, and the said Gaffney to be appointed committee over her, in pursuance of a deliberate scheme between them to obtain unlawfully the control of her person, and thereby

of her estate, which is alleged to be large, and that by reason of the fraud, deceit, corruption, and illegal practices of these conspirators, she was adjudged insane upon the evidence of said Gaffney and another, who, while physicians, were not experts in insanity, and were strangers to her, and that during all the time she was not insane, and that since his appointment said guardian has excluded her friends from her. Annexed to the petition are affidavits of others tending to show that she is not insane. The petition does not allege her insanity, but says that she was adjudged insane under the circumstances related, and the petitioner is informed and believes that the court is bound by the adjudication in the New Jersey court. The order recites her as residing in this state at the time, and prior to her commitment. If the proceedings in New Jersey were instituted for the purpose and in the manner alleged in the petition, and if Mrs. O'Connor, a sane resident of this state, was put in an insane asylum there by fraud and kept there by force, such proceedings cannot be an adjudication as to her insanity or establish her nonresidence in this state, and the courts of this state will not at any time follow or act upon them. The validity of such proceedings may be attacked collaterally as well as directly, and a fraudulent decision in another state is as much open to such an attack as if it were a decision in this state. Gray v. Richmond Bicycle Co., 167 N. Y. 348, 60 N. E. 663, 82 Am. St. Rep. 720; Mandeville v. Reynolds, 68 N. Y. 528, 543; Rice v. Bruff, 87 Hun, 511–515, 34 N. Y. Supp. 501. A committee of an alleged incompetent who is a resident of this state can be appointed only after the issuing of a commission and the determination of a jury as provided by section 2327 of the Code of Civil Procedure. The only exception to this rule is when the application is made in behalf of the state authorities, and the incompetent person is in a state hospital. Section 2323a, Code Civ. Proc. The appointment of Brinner as committee in this state was apparently made under the provisions of 2326 of the Code of Civil Procedure, and no commission was issued or inquisition had. But that section only applies where the alleged incompetent is a nonresident and where a committee has been duly appointed in the state where she resides. The appointment was made solely upn the petition, which showed as a matter of fact that Mrs. O'Connor was sane, and was a resident of the state, and that the so-called guardian was not legally such. Therefore the court had no jurisdiction to appoint him as committee, and the order in that respect is void.

Dr. Gaffney, in the petition upon which he was appointed committee in this state, does not allege that Mrs. O'Connor is insane, or that she is a nonresident of the state, except as he has incarcerated her in a New Jersey insane hospital and keeps her there. He simply produces the void determination of the New Jersey court, which he had obtained, concealing from the court here the manner in which she was put into the hospital and the determination of the court obtained, swearing that no other committee had been appointed in this state, evidently not basing the allegation upon the legal conclusion that the appointment made was absolutely void, but swearing as a fact that none had been made. It is true he now swears that at the time he had no knowledge of the fact, but the evidence is quite satisfactory that previously he had been

informed of Brinner's appointment; and the petition upon which his appointment was obtained here contains a false statement in that respect, and suppresses the most material facts in every respect. We have seen that Mrs. O'Connor was in fact sane, and was in fact all the while a resident of this state. Her illegal confinement in a New Jersey insane asylum by the party making the application here cannot make her a resident of that state. These facts deprived the court of jurisdiction to appoint Dr. Gaffney, and the appointment is therefore void. Gray v. Richmond Bicycle Co. 167 N. Y. 348, 60 N. E. 663, 82 Am. St. Rep. 720; Roderigas v. East River Savings Institution, 76 N. Y. 316, 32 Am. Rep. 309; Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896.

In the application of the appellant to vacate the Brinner appointment it appears affirmatively that his attorney knew the contents of the petition upon which Brinner was appointed several days before he made this application: Still he does not deny any of the allegations in that petition. It is therefore fair to treat them as facts. If those allegations are true it is only fair to assume that this application is made by the appellant with the same purpose and intent which actuated him when he participated in the original illegal proceedings. He is not a relative or friend of Mrs. O'Connor; his appointment in New Jersey and his appointment in this state are invalid, and he has made no attempt satisfactorily to explain his position here.

The order appealed from should be reversed, and the motions determined by the orders denied, upon the ground that there has been no legal appointment of a committee or guardian. No costs should be allowed. All concur.