JENNIE BEACH GASPER, as Cotrustee with JAMES ALBERT WALES, under the Trust Deed of FREDERICK C. BEACH, Appellant, *v.* JAMES ALBERT WALES, as Cotrustee with JENNIE BEACH GASPER, under Said Trust Deed, Respondent, Impleaded with STANLEY Y. BEACH, Appellant.

First Department, March 2, 1928.

Insane persons — beneficiary of trust was found incompetent by Connecticut court and conservator of his estate was appointed by that court — beneficiary has never resided in Connecticut since commencement of those proceedings — trust property is in New York — plaintiff trustee resides here and defendant trustee is engaged in business here — order to pay income directly to Connecticut conservator violates Civil Practice Act, § 1363 — Connecticut court did not acquire jurisdiction of beneficiary — Connecticut judgment not recognized here.

Proceedings were instituted in Connecticut which resulted in adjudging that the beneficiary of the trust involved in this proceeding was incompetent and a conservator of his estate was appointed by the Connecticut court. The judgment herein directs that the trustees, one residing here and the other having business in this State, pay the income from the trust, which is invested in this State, directly to the conservator appointed in Connecticut.

The judgment is erroneous, since it violates section 1363 of the Civil Practice Act which specifically prohibits the judgment given. Under this section the proper procedure is to have an ancillary committee appointed in this State and on an application for appointment of an ancillary committee the court may appoint the foreign conservator as such. After the committee is appointed the court may direct the payment of the income to the ancillary committee in this State.

Furthermore, the decree of the Connecticut court is not binding in this State for that court did not acquire jurisdiction of the beneficiary. It appears that the beneficiary's wife owned a home in Connecticut; that the beneficiary occasionally spent a week-end with his wife and son; that the relations between the beneficiary and his wife were strained; that for many years the beneficiary lived with a woman in New York meretriciously; that immediately after the incompetency proceedings were commenced in Connecticut his wife informed him that she severed all relations unless he would give up the New York woman; and that from that day until this time the beneficiary has never been in Connecticut.

The mere fact that the beneficiary was living meretriciously with a woman in New York city did not prevent him from acquiring a residence here, for the requirements of a residence do not in any wise depend upon the legality of purpose or object of the residence.

Under the circumstances, the Connecticut court never acquired jurisdiction of the beneficiary for the purpose of declaring him incompetent.

MERRELL, J., dissents.

CROSS-APPEALS by the plaintiff and by the defendant Stanley Y. Beach from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of May, 1927.

*Harold Remington* of counsel [*Remington & Meek*, attorneys], for the plaintiff, appellant.

*Colley W. Bell*, for the defendant, appellant.

*Daniel S. Murphy* of counsel [*Greene & Hurd*, attorneys], for the respondent.

PROSKAUER, J. The plaintiff and the defendant Wales are trustees of a trust created for the appellant Stanley Y. Beach for his life. On July 30, 1925, Beach's mother instituted a proceeding in the Probate Court for the District of Stratford, Conn., to have him adjudged an incompetent. Citation was served on Beach on August first by leaving a copy at the house of his wife in Stratford and by mailing a copy to his New York residence, which he received on August third. On September 3, 1925, the Probate Court entered a decree adjudging him incompetent and appointing the First National Bank of Bridgeport, Conn., conservator. The Connecticut decree was subsequently affirmed on appeal. Beach has never been in the State of Connecticut since this decree was made and a controversy arose between the two trustees as to whether payments should be made to Beach personally or to his Connecticut conservator. The plaintiff trustee was a resident of New York; the defendant trustee was engaged in business in New York; the funds and securities of the trust were in New York, and since the decree the beneficiary has been continuously in New York.

The Special Term having found as a fact that Beach was a resident of Connecticut at the time the Probate Court of that State adjudged him to be incompetent, held the Connecticut decree conclusive in this State as to the fact of his incompetency and directed that the accrued and accruing income be paid directly to the Connecticut conservator. The appellants Beach and Gasper contend that Beach was not a resident of Connecticut at the time that court adjudged him incompetent; that even if he was, he has since that time acquired a New York domicile and that, therefore,

the Connecticut decree is not conclusive and the New York court must determine for itself his competency; and that in any event the decree erroneously orders payment of the income directly to the foreign conservator in violation of section 1363 of the Civil Practice Act.

So much of the judgment as directs that the trustees pay the income of the trust fund accruing in New York to the foreign conservator is not warranted by the findings of fact of the Special Term. Under the trustees' prayer for instructions, the court might, in a proper case, have been justified in directing them to make payment to an ancillary committee duly appointed in a proceeding under section 1363 of the Civil Practice Act. It could not, under the guise of instructions, nullify the mandate of the statute. Orderly procedure requires an application for the appointment of an ancillary committee in this State. On such an application, " the court, in its discretion, may make an order appointing the foreign committee * * * the committee of * * * the property of the incompetent person, within the State, on his giving such security for the discharge of his trust as the court thinks proper." (Civ. Prac. Act, § 1363.) This was the procedure followed by the foreign conservators in *Matter of Curtiss* (134 App. Div. 547; affd., 197 N. Y. 583) relied on by the respondent. There the court merely appointed the foreign conservators as an ancillary committee within this State; it did not order New York trustees to pay the income of a New York trust directly to a foreign conservator.

We have further reached the conclusion that at the time of the probate decree Stanley Y. Beach was not a resident of the State of Connecticut, and for that reason the decree is not binding on the courts of this State.

Prior to July thirtieth Beach seems to have had two places of abode. The family home in Stratford was owned by his wife. His relations with his wife were exceedingly strained. It is undisputed that, in the language of his son, " he might come up regularly for four or five week ends and skip one and come some more, or he might miss three or four and come up one. He was irregular." His real home was with a Mrs. Watson in the city of New York, with whom he had meretriciously lived for many years and by whom he had a daughter sixteen years of age. While the furtiveness of this New York home is one of the facts to be considered in deciding whether he intended it to be his legal domicile, it is not controlling. The strained relations with his wife, his irregular visits to her house in Connecticut, and the fact that she maintained the Connecticut house while he supported the New York house,

make it clear that he regarded the latter as his home. If further proof were needed, it is supplied by the actions of the parties upon the institution of the Connecticut proceedings. On August 7, 1925, four days after he had received the citation of the Probate Court; his wife wrote him definitely severing all relations with him and stating that it was impossible for her to have anything more to do with him unless he ceased his relations with Mrs. Watson. From the date of that letter he never again entered the State of Connecticut. The Special Term seems to have assumed that Beach could not have a legal residence for an illegal purpose. Legal residence, however, does not depend upon the legality of the object of the residence; it rests upon physical presence in a dwelling coupled with an intent to make that dwelling one's home. The evidence is overwhelming that Beach regarded his New York dwelling as his home. For these reasons we find that he was a resident of the State of New York at the time of the institution of the Connecticut proceeding, and that, therefore, the courts of this State are not bound by the decree of the Connecticut court adjudging him incompetent.

The judgment appealed from should be reversed, with costs, and a judgment entered directing the trustees to pay the accrued and accruing income to the beneficiary until further judgment of a court of competent jurisdiction. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.

DOWLING, P. J., MARTIN and O'MALLEY, JJ., concur; MERRELL, J., dissents.

Judgment reversed, with costs, and judgment ordered directing the trustees to pay the accrued and accruing income to the beneficiary until further judgment of a court of competent jurisdiction. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.