In the Matter of Louis LARIDON, an Alleged Incompetent Person.

Supreme Court, Special Term, New York County, January 8, 1941

*Douglass C. Lawrence,* for the petitioner.

No appearance for the respondent.

EDER, J. This is a motion for the issuance of a commission to inquire into the alleged incompetency of the respondent and why a committee of his person and property should not be appointed. It is averred that the alleged incompetent person is sixty-eight years of age and unmarried; that he resided at 30 Fifth avenue, borough of Manhattan, New York city, but for approximately two years last past has been sojourning at a sanitarium in the State of New Jersey; that he is suffering from ailments and a condition believed to be incurable, permanent and without probability of improvement and as a result thereof is totally incapable of transact ng business or of handling and disposing of his worldly possessions in a rational manner.

The application is not opposed, but the duty of this court is nonetheless to examine into the matter to ascertain if the applicant is entitled to the relief sought.

Article 81 of the Civil Practice Act relates to proceedings for the appointment of a committee of an incompetent, and to the powers and duties of the committee and section 1356 of the Civil Practice Act invests this court with jurisdiction over the custody of the person and the care of the property of a person, incompetent to manage himself or his affairs in consequence of lunacy, idiocy, habitual drunkenness or imbecility arising from old age or loss of memory and understanding, or other cause.

The petition appears to contain the necessary allegations of fact for a commission to inquire into the alleged incompetency of the respondent and this branch of the motion is granted and the order to be entered hereon will designate a commissioner.

As to the second branch of the motion, viz., for the appointment of a committee of the person and property of the alleged incompetent, this branch of the motion must be denied. The appointment of a committee of a resident of this State may not be had prior to the issuance of a commission or the determination of a jury as required by section 1364 of the Civil Practice Act. While the property of an alleged incompetent may be preserved by the court pending the disposition of the proceeding, and, indeed, it is the duty of the court exercising jurisdiction to preserve the

property of incompetent persons (Civ. Prac. Act, § 1357), yet a committee cannot be appointed until after the issuance of a commission or the determination of a jury, as mentioned. In *Matter of Bergmann* (110 App. Div. 588) the court said " A committee of an alleged incompetent who is a resident of this State can be appointed only after the issuing of a commission and the determination of a jury as provided by section 2327 of the Code of Civil Procedure " (now Civ. Prac. Act, § 1364). In cases where it is necessary to preserve the property of an alleged incompetent pending disposition of the proceeding, it is held that the court may do so by appointing a temporary guardian or receiver (*Matter of Gould*, 257 App. Div. 109), but the applicant here seeks, not the appointment of a temporary guardian or receiver, but the appointment of a committee of the person and property of the alleged incompetent. This cannot be done.

The motion is granted, as indicated. Submit order.