In the Matter of the Estate of MARIE L. MORAN, Deceased.

Surrogate's Court, New York County, July 2, 1943.

*Joseph A. Cox* for James F. Egan, Public Administrator of New York County, petitioner.

*Herbert C. Pentz* for Marie L. Pierron, individually and as ancillary committee of Florence Moran, respondent and cross petitioner.

DELEHANTY, S. It is settled law that the decree of a court of another State adjudging a New York resident to be an incompetent and appointing a committee for the property of such incompetent is not binding upon the courts of this State and may be attacked collaterally. (*Gasper* v. *Wales*, 223 App. Div. 89, 91;

*Matter of Bergmann,* 110 App. Div. 588.) The parties who contend here for letters of administration recognized this to be the state of the law and litigated and briefed only the question of the domicile of the sister of deceased who is her sole distributee. This sister is confessedly an incompetent though she has not been adjudged to be such by any court in this State. If she were competent she would have a prior right to letters of administration. If a court competent to act in her case has appointed a committee for her property that committee has a right to take letters of administration in her stead. The domicile of the distributee is decisive of the right to letters.

The court has taken proof respecting such domicile. Concededly the domicile of origin is New York County and State. The proof establishes that throughout her adult life the distributee was mentally unsound. She was cared for by her mother and sister at times and in the homes of other people at times and again at times in institutions. Finally by commitment of the New York Supreme Court she was placed in an institution for the insane. From this she was paroled and placed in the home of a relative in the State of Connecticut. Her sojourn in that State was made the basis for the appointment by a Connecticut court of a conservator for her property.

The court holds on the whole body of proof that the distributee never had the capacity to formulate a mental decision as to her own domicile; never had sufficient capacity to understand the factors which enter into either the creation of or the change of a domicile; and never entertained any conscious thought respecting her domicile. She had some realization of her surroundings and had capacity to appreciate the difference between freedom and confinement but she had nothing more. On this body of proof the court should not hold that there was any change of domicile by the incompetent. It holds on the contrary that the incompetent was and is domiciled in New York State. The claim for letters on the estate of deceased advanced on the basis of the appointment of a conservator by the courts of Connecticut is held to be invalid and accordingly letters will issue to the Public Administrator.

Submit, on notice, decree accordingly.