■ In the Matter of ROGER CONTENTO, Petitioner, v. BERTRAM E. KOHINKE et al., Constituting the Town Board of the Town of Bethlehem, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Town Board of the Town of Bethlehem, New York, terminating petitioner's employment as a police officer on the ground that he was not a resident of the Town of Bethlehem. Pursuant to section 30 of the Public Officers Law, the Bethlehem Town Board on August 8, 1961, adopted a resolution providing that any person thereafter appointed to the town police force must reside in the town at all times while a member of the force. The primary question presented here is whether the respondents properly determined that petitioner, who was appointed to the force on January 1, 1963, is a nonresident of the town and thus properly terminated his employment. The initial and most crucial question is the construction to be given to the term "reside" as utilized in section 30. Petitioner urges that the term should be construed as having an intent that his residence be within the town plus sufficient actions on his part to indicate that his intent is genuine citing a series of election cases (e.g., *Matter of Gallagher* v. *Dinkins*, 32 N Y 2d 839; *Matter of Bressler* v. *Holt-Harris*, 30 N Y 2d 529). Respondents urge, however, that the term should be given a meaning which requires also a sustained physical presence within the town. The term "reside" (or "residence") is not one that can be given a uniform definition wherever it appears in legislation, but must be construed in relationship to the particular statute involved (28 C. J. S., Domicile, § 2). And it is one thing to allow some latitude in permitting one to establish residency for election purposes and quite another where, as here, the purpose of the legislation is to insure that a policeman "may respond * * * promptly and be available to render active service". (Public Officers Law, § 30, subd. 4, par. [3].) In view of the specific purpose

for which this legislation was enacted it is thus clear that continual·or at least extended physical presence at an abode within the town is what is required. Petitioner's intent plus the other actions he took here to establish a claim of residency are of little moment when it is his physical location for availability that the statute was enacted to ensure. In the instant case the petitioner has two locations, one within the town and one without, at which he on occasion is physically present but the board could clearly find that he spent most of his off-duty time at the out of town location with his wife and children, and that the in-town location, which was the home of his parents, was not where he resided within the meaning of section 30. Petitioner also alleges an inconsistency between sections 3 and 30 of the Public Officers Law. Petitioner, however, has ignored the fact that amendments to both section 3 (subd. 2), and section 30 (subd. 4), of the Public Officers Law were signed by the Governor as part of the same chapter (chapter 895) of the Laws of 1961 and were passed by the Legislature as a single integrated statutory plan. A simple reading reveals that section 3 (subd. 2), applies to the residence of police officers at the time of their appointment, and section 30 (subd. 4) applies to the residence of police officers at the time that they serve. Different residence requirements apply to applicants and active police force members. It is entirely consistent for a political subdivision to accept applications for its police force from those residing outside its boundaries, only to require that after receiving their appointments new officers physically move within the political subdivision prior to reporting for work. Determination confirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.