STATE OF NEW YORK, Appellant, v JAMES B. COLLINS, Respondent.

Third Department, January 15, 1981

**APPEARANCES OF COUNSEL**

*Robert Abrams*, Attorney-General (*Maurice K. Peaslee, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellant.

*David Wawro* for respondent.

**OPINION OF THE COURT**

KANE, J. P.

The issue to be resolved on this appeal is whether the term "legal resident" means "domicile" for the purpose of a scholar incentive award.

The State of New York seeks to recover the sum of $1,200 from defendant. Two scholar incentive awards of $600 each were made to him by the New York State Education Department for the academic years 1972-1973 and 1973-1974. On each occasion he certified in his application therefor that he was a resident of the State of New York, but it was not until his application for the academic year 1974-1975 was filed that it was determined he had not been a legal resident of New York as required by the Education Law.

That decision was not challenged by defendant and the within action was thereafter commenced. Cross motions for summary judgment were denied, and the State now appeals.

A brief recitation of the facts developed on the submissions is required. Defendant, born and raised in Connecticut, attended the University of Rochester, graduating in 1971. He then worked part time for a newspaper in Rochester, New York, while taking postgraduate courses. Defendant spent the summer of 1972 in Europe, was married in September of that year, and entered graduate school at Columbia University that fall. He continued to attend graduate school and continuously resided in New York City through 1974, except for summer months when he resided with his parents. As part of his application for a scholar incentive award for the year 1974-1975, defendant acknowledged in a certificate of residence that he had voted in the State of Connecticut, possessed a Connecticut driver's license, and had applied for student loans from the State of Connecticut. Further inquiry indicated that from 1972 to 1975 defendant was the recipient of separate loans guaranteed by the Connecticut Student Loan Foundation which required that all borrowers be Connecticut residents for at least 12 months prior to the application.

The two $600 grants by the New York State Education Department were made pursuant to subdivision 3 of former section 602 (subd 3) of the Education Law (repealed L 1974, ch 942, § 14 eff July 1, 1975),* which, in applicable part, provided as follows: "An applicant for a graduate award must either (a) have been a *legal resident* of the state for at least one year immediately preceding the beginning of the semester or term for which application for assistance is made". (Emphasis added.)

Although the term "legal resident" is not defined in the Education Law, the statutory use of "residence" is frequently construed to mean "domicile" in other laws, even when the technical distinction is well appreciated *(Pierce v Pierce,* 50 AD2d 867 [Domestic Relations Law]; *Matter of Ruiz v Lavine,* 49 AD2d 1 [Social Services Law]; *Matter*

---

* Although this provision was repealed, the present statute, subdivision 5 of section 661 of the Education Law, contains similar language.

*of Davy* [*Denton*], 281 App Div 137 [Election Law]). Here, it seems plain to us that the term "legal resident" must be interpreted to mean "domicile". We adhere to the established rule that a proper construction of the term resident depends on the particular subject matter and the context in which it is used *(Rawstorne v Maguire,* 265 NY 204; *Matter of Contento v Kohinke,* 42 AD2d 1025, mot for lv to app den 33 NY2d 520; see *Matter of Gladwin v Power,* 21 AD2d 665, affd 14 NY2d 771), and where a statute prescribes "residence" as a qualification for a privilege or the enjoyment of a benefit, the word is equivalent to "domicile" *(People v Platt,* 117 NY 159; cf. 28 CJS, Domicile, § 2, subd b). The use of the additional word "legal" in defining residence merely reinforces this conclusion (see *Gasper v Wales,* 223 App Div 89). Finally, plaintiff's determination that legal residence is synonymous with domicile is founded upon a rational basis. It would not be reasonable to assume that the Legislature meant to subsidize the education of students from other States, particularly when there is no demonstrable expectation they would contribute to this jurisdiction after graduation.

Although we agree that the term "legal resident" refers to one's domicile, plaintiff's motion for summary judgment was properly denied because there is a clear factual issue whether defendant was so domiciled in New York during the disputed periods (see *Matter of Newcomb,* 192 NY 238, 250-251; *Matter of Bodfish v Gallman,* 50 AD2d 457, 458). Thus, while we reject the legal conclusion of Special Term, its order should be affirmed.

MAIN, MIKOLL, CASEY and HERLIHY, JJ., concur.

Order affirmed, without costs.