Paul A. Argentieri, Esq. City Attorney, Hornell
We acknowledge receipt of your letter stating that the City of Hornell has invoked a residence requirement providing that members of the police department must live either in the city or within a ten mile radius thereof. In a subsequent telephone conversation with this office, you stated that the city has in fact passed a local law establishing this residence requirement and that the police department consists of fewer than two hundred full-time members. You inquire whether the existing residence statute is valid and request clarification of the relationship between Public Officers Law, § 3, subdivision 2, and Public Officers Law, § 30, subdivision 4.
We enclose copies of our informal opinions 1974 Op Atty Gen 252 and 330. In those opinions we pointed out that Public Officers Law, § 3, subdivision 2 prescribes uniform residence requirements relating to initial appointments of members of the police department which cannot be superseded by local action, and that Public Officers Law, § 30
pertains to residence requirements of police force members subsequent to their appointment and in certain circumstances authorizes local action to require residence of active police force members in or near the municipality where they serve. See also, Matter of Contento v Kohinke, etal., 42 A.D.2d 1025 (3d Dept, 1973).
An applicant for appointment to the police department must reside in the areas specified in Public Officers Law, § 3, subdivision 1, unless such applicant resides in the counties designated in section 3, subdivision 2. This section cannot be superseded by local action (1974 Op Atty Gen [Inf] 252; 1971 Op Atty Gen [Inf] 42).
If the police force consists of fewer than two hundred full-time members, members of such force, other than those specified in Public Officers Law, § 30, subdivision 4, paragraphs (1) and (2), may by local law be required to reside in the political subdivision or municipal corporation having such department, or be permitted to reside in specified areas of the counties designated in subdivision 4 or within specified distances from the political subdivision or municipal corporation. If permission to live outside the political subdivision or municipal corporation is granted, the local legislative body must determine that a policeman may respond from such areas promptly and be available to render active service in the political subdivision or municipal corporation (Public Officers Law, § 30, subd 4, para [3]).
We conclude that the local law passed by the City of Hornell requiring members of the police department to reside either in the city or within a ten mile radius thereof is valid insofar as it pertains only to police force members other than those specified in Public Officers Law, §30, subdivision 4, paragraphs (1) and (2).
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office