OPINION OF THE COURT
Robert G. Hurlbutt, J.
On November 14, 1985, Barbara A. Davies applied to this court as Oswego County pistol licensing officer for a permit to *39 carry a pistol, alleging that she resided at 300 Chestnut Street, Oswego, New York. Her application was approved and her license to carry a pistol was granted on January 29, 1986.
On February 28, 1986, this court received a copy of a letter from Oneida County Court Judge John T. Buckley, written in response to Ms. Davies’ inquiry into transferring her pistol permit to Oneida County. Judge Buckley’s letter questioned the validity of Ms. Davies’ alleged Oswego County residency. Based upon that letter, the applicant’s handgun license was suspended on February 28. Ms. Davies requested a hearing, which was conducted June 26,1986.
The hearing evidence, adduced entirely by the applicant, is uncontroverted. Ms. Davies is married, and resides primarily in Stittville, Oneida County, in a home jointly owned by her husband and herself for the past 10 years. For the past seven years, she has been employed by the Oneida County Sheriffs Department, which requires its employees to reside in Oneida County as a condition of their employment. She is registered to vote in Oneida County, and her driver’s license reflects her Oneida County residence address. In 1980, she applied for a pistol permit in Oneida County, and the application was denied.
The applicant neither owns nor leases any residential property in Oswego County. The Oswego address shown on her application is the residence of her mother and stepfather. During the year or two preceding her Oswego County application, Ms. Davies was spending more than half her nonworking time at her parents’ home, necessitated by their ill health. She shares a bedroom with her mother, and maintains a post-office box in Oswego. The issue to be decided is whether the applicant, Ms. Davies, resided in Oswego County at the time of her pistol permit application in November 1985. Penal Law § 400.00 (3) provides as follows: “3. (a) Applications. Applications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city or county, as the case may be, where the applicant resides, is principally employed or has his principal place of business”.
It is uncontroverted that the applicant is principally employed in Oneida County. Under the quoted statute, Ms. Davies is permitted to make application in Oswego County only if she "resides” in Oswego County.
There are no reported cases construing the meaning of *40 "resides” as used in Penal Law § 400.00 (3). Review of the cases construing the meaning of "resides” and "residence” in other New York statutes reveals that these words may have various definitions, depending upon the subject matter and intent of the statute. "The term 'reside’ (or 'residence’) is not one that can be given a uniform definition whenever it appears in legislation, but must be construed in relationship to the particular statute involved”. (Matter of Contento v Kohinke, 42 AD2d 1025 [3d Dept 1973]; see also, Perkins v Guaranty Trust Co., 274 NY 250 [1937]; Rawstorne v Maguire, 265 NY 204 [1934]; State of New York v Collins, 78 AD2d 295 [3d Dept 1981].) Thus, the term "reside” or "residence” can mean simply "bodily presence as an inhabitant in a given place”. (Rawstorne v Maguire, supra, p 208; Antone v General Motors Corp., 64 NY2d 20 [1984]; Siegfried v Siegfried, 92 AD2d 916 [2d Dept 1983].)
The words "reside” and "residence” have, however, been strictly construed to mean "domicile” in many cases where the subject matter and context of the statute require a more stringent test than that of "bodily presence as an inhabitant” or where "any meaning other than domicile would be clearly inimical to the purpose of the underlying provision”. (Antone v General Motors Corp., supra, p 29.) The words "residence” and "resident” have been construed to be synonymous with domicile as they are used in the Domestic Relations Law relative to the maintenance of an action for divorce (Pierce v Pierce, 50 AD2d 867 [2d Dept 1975]); Election Law § 150 (Matter of Davy v Denton, 281 App Div 137 [3d Dept 1952]); probate statutes (Kemp v Kemp, 172 Misc 738 [Fam Ct, NY County 1939]); Vehicle and Traffic Law § 250 (2) (People v Renda, 64 Misc 2d 445 [Town Ct, Town of Dix, Schuyler County 1970]); and the Social Services Law (Matter of Ruiz v Lavine, 49 AD2d 1 [4th Dept 1975]). (See also, Taubenfeld v Taubenfeld, 276 App Div 873 [2d Dept 1949]; Clapp v Clapp, 272 App Div 378 [1st Dept 1947].)
"Domicile” has been defined as "[a person’s] true and permanent home, to which he has at all times the intention of, sooner or later, returning” (Matter of Strobel, 200 Misc 483, 484-485 [Sur Ct, Montgomery County 1951]), and "[where a person] has voluntarily fixed his abode with a present intention of making it his permanent home” (Thompson v Mundheim, 180 Misc 1002, 1003 [Sur Ct, NY County 1943], affd 266 App Div 1001). Domicile is essentially a matter of intent, *41 requiring an absolute and fixed intent to abandon one and acquire another (Matter of Ruiz v Lavine, supra).
It has been held that the possession of dangerous weapons under a permit is a privilege or benefit conferred by the licensing authority (In re Di Maggio, 65 NYS2d 613 [Dom Rel Ct, Kings County 1946]; Matter of Moore v Gallup, 267 App Div 64 [3d Dept 1943]), and that "where a statute prescribes 'residence’ as a qualification for a privilege or the enjoyment of a benefit, the word is equivalent to 'domicile’ (State of New York v Collins, 78 AD2d 295, 297 [3d Dept 1981], supra.)
This court construes the word "resides” as used in Penal Law § 400.00 (3) to be substantially equivalent to domicile. Penal Law § 400.00 requires the registration of dangerous weapons, which are regulated for the protection of the general public and the preservation of public peace. (Matter of Harris v Codd, 57 AD2d 778 [1st Dept 1977]; People v Cerio, 67 Misc 2d 915 [County Ct, Onondaga County 1971].) The licensing procedures set forth in the statute are designed to insure that only persons of acceptable background and character are permitted to carry and possess certain handguns. They are further designed to provide a method of recording information on the identity of persons possessing such weapons and the weapons themselves.
An investigation into the background and moral character of an applicant is required to be conducted by the "constituted police authorities of the locality where such application is made.” (Penal Law § 400.00 [4].) In order for such an investigation to be effective, it ought to be conducted in the county where the applicant maintains his or her permanent or principal home, i.e., where the applicant is domiciled. Further, a rule permitting a person to obtain a pistol permit in any county where he or she is a temporary or occasional inhabitant could result in a person possessing multiple pistol permits covering different weapons and issued by different licensing officers. The revocation for proper cause of such a person’s pistol permit in one county would not be effective to prevent that person from possessing weapons required to be licensed, as the licensing officer in one locality would not have knowledge of the existence of additional permits issued to the same person for different weapons. This result would be clearly inimical to the purpose of the statute, for the control of weapons possession intended to be afforded thereby would be defeated.
*42 A rule permitting a person to obtain a pistol permit in any locality where he or she is a temporary or occasional inhabitant would enable applicants to "shop around” for an "easy” jurisdiction in which to apply for a permit. It cannot be controverted that criteria and investigative practices differ in the various counties of the State, and that waiting or processing periods tend to differ substantially from locality to locality. The mere rental of a room and acquisition of a post-office box in any county of the State should not be a sufficient basis for making pistol permit application in that locality, absent an intent to make that locality one’s domicile. Forum shopping for a favorable licensing officer must be discouraged, in light of the serious statutory purpose of protection of the public safety.
In the instant case, applicant’s alleged Oswego County residence, although properly sufficient to constitute residency for some purposes, is not sufficient to establish Oswego County as the appropriate locality for the submission of her pistol permit application. Despite the residency of applicant’s parents in Oswego County and the considerable amount of time she spends at her parents’ home, applicant’s domicile is in Oneida County, where she owns a home, maintains voter and motor vehicle registration, and where she holds a job requiring that she be an Oneida County resident. Ms. Davies’ intent to remain domiciled in Oneida County is further evidenced by the fact that, having acquired an Oswego County pistol permit in January 1986, she almost immediately inquired into the transfer of her permit records to Oneida County.
Applicant Barbara A. Davies’ license to carry a pistol No. C 2485 is hereby revoked.