■ In the Matter of John G. Mahoney, Petitioner, v Charles H. Lewis, as Surrogate and County Court Judge of the County of Clinton, Respondent. [605 NYS2d 168] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this

Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a pistol permit.

In June 1992, petitioner filed a pistol permit application in Clinton County listing his residence as Route 189 in Churubusco. Following investigation, it became apparent that while petitioner owned property at that address, his principal residence was in Toms River, New Jersey, i.e., he possessed a New Jersey driver's license, was registered to vote in New Jersey and listed the Toms River address on both of these documents as his residence. Concluding that petitioner was not a resident of Clinton County within the meaning of Penal Law § 400.00 (3), respondent denied the application and this proceeding ensued.

While Penal Law § 400.00 does not contain a residency requirement per se, it follows a fortiori from the Penal Law § 400.00 (3) mandate that applications for the type of permit sought here (see, Penal Law § 400.00 [2] [f]) be filed in the city or county of residence that residency is indeed a prerequisite to its issuance. Moreover, based upon well-established rules of construction, we conclude that as used in this statute the term residence is equivalent to domicile and requires something more than mere ownership of land.

It is now well established that statutory use of the word residence frequently is construed to mean domicile, notwithstanding the fact that the technical distinction is well appreciated (see, e.g., State of New York v Collins, 78 AD2d 295, 296-297). In making this determination the focus is not only upon the particular subject matter and context in which the item is used, but also upon the nature of the object sought to be achieved. In this latter regard, we expressly have held that "where a statute prescribes 'residence' as a qualification for a privilege or the enjoyment of a benefit, the word is equivalent to 'domicile' " (supra, at 297). Here, apart from the fact that possession and use of a pistol are not vested rights but privileges (see, Matter of Moore v Gallup, 267 App Div 64, affd 293 NY 846), it is obvious that the purposes underlying the pistol permit procedures, namely, to insure that only persons of acceptable background and character are permitted to carry handguns and to provide a method for reporting information on the identity of persons possessing weapons and the weapons themselves, can only be achieved by limiting the permits to domiciliaries (see, Matter of Davies, 133 Misc 2d 38; People v Perez, 67 Misc 2d 911). Accordingly, it being evident that

petitioner is not a domiciliary of Clinton County, the permit properly was denied.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.