■ In the Matter of LARRY BALL et al., Appellants-Respondents, v CITY OF SYRACUSE et al., Respondents-Appellants. [875 NYS2d 412]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 20, 2008 in a proceeding pursuant to CPLR article 78. The order, among other things, denied respondents' motion to dismiss the petitions.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced these CPLR article 78 proceedings, which have since been consolidated, alleging that they were wrongfully terminated from their employment with respondent City of Syracuse (City). They further alleged that respondents acted arbitrarily by interpreting the City Charter

to require a "domicile" in the City rather than a "residence" in the City. Attached to the petitions were various documents, including memoranda indicating that the City's policy pursuant to City Charter § 8-112 (2) is to require that all employees have an "actual principal domicile" in the City. Respondents moved to dismiss the petitions pursuant to CPLR 3211 (a) (7), and Supreme Court converted the motion to an objection in point of law pursuant to CPLR 7804 (f). The court further determined that the City's interpretation of the residency requirement in City Charter § 8-112 (2) was "valid and consistent with law" but denied the motion to dismiss the petitions. We note at the outset that, although no appeal or cross appeal lies as of right from a nonfinal intermediate order in a CPLR article 78 proceeding, we treat the notice of appeal and notice of cross appeal as applications for permission to appeal, and we grant such permission (*see Matter of Engelbert v Warshefski*, 289 AD2d 972 [2001]).

Petitioners have submitted documentary evidence establishing that the policy of the City requires all city employees to be domiciled in the City, and the City does not dispute that petitioners have accurately set forth its policy. We conclude that the court properly determined that the City Charter is valid and consistent with the law (*see Mandelkern v City of Buffalo*, 64 AD2d 279, 280 [1978]). Petitioners' contention that the court improperly relied on extrinsic evidence in determining the issue is without merit. Indeed, petitioners themselves submitted documents along with the petitions with respect to the policy, and the court properly took judicial notice of the local rules and regulations of an executive department (*see Matter of Phillies*, 12 NY2d 876 [1962]).

"In determining motions to dismiss in the context of [a CPLR] article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true . . . where, as here, no answer or return has been filed" (*Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042, 1043 [1993]). Here, there is no evidence in the record with respect to the actual domicile of the petitioners, and we thus conclude that the court properly denied respondents' motion to dismiss the petitions based on the record before it. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.