■ In the Matter of the Claim of LARRY V. BALL, Appellant. CITY OF SYRACUSE, Respondent; COMMISSIONER OF LABOR, Respondent. [896 NYS2d 489]—

Stein, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily separated from his employment without good cause.

Claimant was employed as a plant examiner for the City of Syracuse, Onondaga County from June 1995 until October 2007, when he was terminated for having violated the employer's residency policy. Pursuant to the Syracuse City Charter, employees "shall be at the time of their appointment and continue

to be during their continuance in the employment of the City, residents of the City of Syracuse except as otherwise provided by law, local law or ordinance of the Council" (Syracuse City Charter § 8-112 [2]).

The facts here are undisputed. Claimant concedes that he maintained a room in Syracuse for the purposes of satisfying the residency requirement, but that his primary residence and domicile is in the Town of Sullivan, Madison County. In February 2007, the employer's director of personnel sent a memorandum to all department heads for distribution to all employees, stating that the residency requirement, as used in the Charter, means the "actual principal domicile" of the employee and that an employee claiming a school tax relief exemption at an address outside the city would be judged not to be in compliance. When, among other things, the employer was thereafter notified that claimant was receiving a school tax relief exemption on his property in Sullivan for 2007, his employment was terminated. Following administrative proceedings, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits inasmuch as his noncompliance with the employer's residence policy provoked his discharge and amounted to a voluntary separation from employment without good cause. Claimant appeals.

We affirm. The sole issue on this appeal is whether the Board's interpretation of the residency requirement contained in the Syracuse City Charter was proper. Judicial review is appropriate where the only issue before the Board is one of statutory interpretation and, where such interpretation does not depend upon the special competence of the agency, no deference need be accorded (*see Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]; *Matter of Price Chopper Operating Co., Inc. v New York State Liq. Auth.*, 52 AD3d 924, 925 [2008]; *Matter of Palminteri v Lex Fire Protection Corp.*, 23 AD3d 745, 746 n [2005]). Nevertheless, we conclude that the Board properly interpreted the term "resident" as it is used in the Syracuse City Charter. Despite the technical distinction, the statutory use of the term "resident" is frequently construed to be synonymous with "domicile," particularly where the status described confers a privilege or benefit (*see Matter of Hosley v Curry*, 85 NY2d 447, 451 [1995]; *Matter of Ball v City of Syracuse*, 60 AD3d 1312, 1313 [2009], *lv dismissed* 13 NY3d 823 [2009]; *State of New York v Collins*, 78 AD2d 295, 296-297 [1981]; *Matter of Contento v Kohinke*, 42 AD2d 1025, 1025-1026 [1973], *lv denied* 33 NY2d 520 [1974]). Morever, it appears that it is the long-standing policy of the

employer to interpret the Syracuse City Charter in this manner, as evidenced by its internal memoranda dating back to at least 1991. As such, we find that the Board properly disqualified claimant from receiving benefits.

Mercure, J.P., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.