OPINION OF THE COURT
Brian D. Burns, J.
The court received notification pursuant to Mental Hygiene Law § 9.46 (b) from the New York State Police on September 13, 2013, which necessitated review of the status of the above-referenced pistol license. On a temporary basis, the court suspended the pistol license and scheduled a hearing.
Findings of Fact
At the hearing, Mr. B., having been advised of his right to counsel, elected to proceed without such assistance. In preparation for the hearing, the court subpoenaed Mr. B.’s mental health records. Those same records were admitted into evidence pursuant to CPLR 4518. The court has examined the records and considered the testimony of Mr. B.
Mr. B., while acknowledging treatment for depression and anxiety, does not feel he is a threat to himself or others. The court does not conclude likewise.
The records reveal that Mr. B. has a history of depression and anxiety dating back 20 years, when he was admitted for a statement referencing self-harm. At the time of his admission in September 2013, he stated he had accidentally exposed himself to an eight-year-old girl. Despite being wracked with guilt over this, he admitted, to a treating clinician, that he has had an uncontrollable urge to continue to expose himself. He also admitted that he was taking more medication than prescribed.
Conclusions of Law
The notification the court received, as the pistol licensing officer, was the first received in Otsego County under the New York Secure Ammunition and Firearms Enforcement Act (NY SAFE Act) (L 2013, ch 1). The NY SAFE Act, which was enacted in early 2013, is fairly comprehensive legislation aimed at gun control and safety. As important for this decision, the NY SAFE Act amended several laws, including the Mental Hygiene Law, by adding section 9.46, which imposes an affirmative duty upon mental health professionals to report a person in their care who
*243 “is likely to engage in conduct that would result in serious harm to self or others, ... as soon as practicable, to the director of community services, or the director’s designee, who shall report to the division of criminal justice services whenever he or she agrees that the person is likely to engage in such conduct” (Mental Hygiene Law § 9.46 [b]).
Although it is clear mental health professionals have a duty to report the conduct, neither the Mental Hygiene Law nor Penal Law § 400.00, which governs pistol licenses, mandates a specific course of conduct for the court upon receiving the information. Although the NY SAFE Act has been the subject of state and federal litigation in its infancy (Kampfer v Cuomo, 993 F Supp 2d 188 [ND NY, Jan. 7, 2014]; Schulz v State of N.Y. Exec., 108 AD3d 856 [3d Dept 2013]; New York State Rifle & Pistol Assn., Inc. v Cuomo, 990 F Supp 2d 349 [WD NY, Dec. 31, 2013]), the cases don’t shed any light on the issues raised here.
In the absence of specific guidance, the court returns to the law governing pistol licenses, generally. Penal Law § 400.00 provides, among other things, that no license shall be issued to an applicant who has been convicted anywhere of a felony or a serious offense, lacks good moral character, who has stated he or she suffered from any mental illness or has been involuntarily committed to a facility under the jurisdiction of the department of mental hygiene or for whom good cause exists for such denial. Additionally, the broad discretion afforded the licensing officer in denying pistol license applications is also available for revocations and suspensions (see Matter of Biganini v Gallagher, 293 AD2d 603 [2d Dept 2002]). By extension, therefore, a license may be revoked from a licensee who lacks good moral character, has a mental illness or for whom good cause exists (see Penal Law § 400.00 [1]).
It is also important to note that the possession and use of pistols is not a vested right, but a privilege (see Matter of Ma-honey v Lewis, 199 AD2d 734, 735 [3d Dept 1993]). Good judgment is inherent in the safe exercise of this privilege.
Under Penal Law § 400.00, Mr. B.’s long history of mental illness, including multiple inpatient hospitalizations, and his treating psychiatrist’s concerns regarding self-harm, would disqualify him from receiving a license and in light of the discretion af *244 forded this officer, provide an ample basis to revoke his license. Further, the conduct which led to his admission to the hospital in September 2013, including exposing himself to a young child and failure to regulate his medications, constitutes further good cause to revoke the license.
Now, therefore, it is hereby ordered, that the licensee’s handgun license No. CW XXXXX is revoked.