*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016          520366
_____

In the Matter of the Claim of
    ZHANNA ROSSEYCHUK,
                    Respondent.

CITY OF NEW YORK,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Zachary W. Carter, Corporation Counsel, New York City
(Victoria Scalzo of counsel), for appellant.

        Thomas F. Garner, Middleburgh, for Zhanna Rosseychuk,
respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 8, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant was employed as a bookkeeper in the Office of
Child Support Enforcement for the City of New York.  Pursuant to
the Administrative Code of the City of New York, claimant was
required to become a resident of the City within 90 days of being
hired and to maintain such residency.  Thereafter, claimant was
discharged after the employer determined that she did not comply
with the residency requirements.  Claimant's application for

unemployment insurance benefits was denied by a decision of an Administrative Law Judge on the ground that she voluntarily left her employment without good cause inasmuch as she provoked her discharge by not complying with the employer's residency policy. The Unemployment Insurance Appeal Board, without resolving the issue of whether claimant was in full compliance with the employer's residency policy, reversed that decision on the ground that the voluntary transgression prong of the doctrine of provoked discharge had not been established so as to find that claimant voluntarily left her employment without good cause. This appeal ensued.

"Provoked discharge . . . is a narrowly drawn legal fiction designed to apply where an employee voluntarily engages in conduct which transgresses a legitimate known obligation and leaves the employer no choice but to discharge him [or her]" (Matter of De Grego [Levine], 39 NY2d 180, 183 [1976] [internal citation omitted]). "Whether [a] claimant's actions constituted a voluntary leaving of employment without good cause by provoking his [or her] discharge is a factual determination for the [B]oard" (Matter of Fishbein [Catherwood], 28 AD2d 1059, 1059 [1967] [citations omitted]). Here, claimant's testimony established that she began living with her cousin in an apartment in New York City in an attempt to comply with the employer's residency requirements, as well as to accommodate her school schedule. Although claimant also spent time with her husband in an apartment outside New York City, the employer acknowledged that an individual could maintain more than one residence, even if one was outside New York City, and still be in compliance with the residency requirement. Claimant pays her cousin money to live in the apartment and to help offset expenses, and she receives mail at that address, including bank account and credit card statements. Claimant also pays New York City income taxes. Moreover, claimant testified that, because she did not fully understand the residency requirement, she inquired to both her supervisor and the employer's personnel department as to whether she was considered to be in compliance with the necessary requirement; however, those inquiries went unanswered. Under these circumstances, substantial evidence supports the Board's finding that claimant did not voluntarily engage in conduct that transgressed the employer's mandate so as to find that she

provoked her discharge (compare Matter of Ball [City of Syracuse—Commissioner of Labor], 70 AD3d 1151, 1152-1153 [2010]; Matter of Keenan [Levine], 51 AD2d 596, 596 [1976]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court