Matter of L.L. (2024 NY Slip Op 24161)

[*1]

Matter of L.L.

2024 NY Slip Op 24161

Decided on May 30, 2024

Supreme Court, Albany County

Platkin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 30, 2024
Supreme Court, Albany County

In the Matter of the Application To Carry and Possess Firearms of L.L.

Index No. XXXXXX

Richard M. Platkin, J.

The applicant ("Applicant") has applied for a license to carry a concealed handgun.[FN1]
The Applicant resides in Jamaica, New York and is employed as a peace officer in the Brooklyn, New York office of the criminal investigations division of the New York State Department of Taxation and Finance ("DTF"). A remote hearing on the application was held on May 29, 2024.
The State Legislature has enacted detailed regulations governing the firearms licensure process (see generally Penal Law § 400.00). Under Penal Law § 400.00 (3) (a), applications "shall be made and renewed . . . in the city or county, as the case may be, where the applicant resides, is principally employed or has his or her principal place of business as merchant or storekeeper." The Applicant, who is not a merchant or storekeeper, resides in Queens County and is principally employed in Kings County, and he lacks any substantial ties to Albany County in his own right.[FN2]

Over the years, courts have construed Penal Law § 400.00 (3) (a) in various ways. The Appellate Division, Third Department has characterized the provision as a substantive "prerequisite to . . . issuance" of a firearms license (Matter of Mahoney v Lewis, 199 AD2d 734, 735 [3d Dept 1993]). In a subsequent decision concerning the eligibility of out-of-state residents for licensure, however, the Court of Appeals described the language as a "delineat[ion of] the procedure whereby an individual files an application for a license," as opposed to "an eligibility requirement" (Osterweil v Bartlett, 21 NY3d 580, 585 [2013]). And in a thoughtful and carefully-reasoned decision involving another DTF employee, a Justice of this Court recently concluded that Penal Law § 400.00 (3) (a) is a limit on the jurisdiction of firearms licensing officers (see Matter of Benedetti, 2024 NY Slip Op 24151, *4 [Sup Ct, Albany County 2024] [Marcelle, J.]).
If Penal Law § 400.00 (3) (a) is construed as a jurisdictional requirement or a condition [*2]of eligibility for licensure, then the instant application must be dismissed for lack of jurisdiction or denied for ineligibility, as the Applicant neither resides nor is principally employed in Albany County. But even if the statutory language is viewed as procedural and directory in nature, akin to a provision fixing venue, a firearms licensing officer has discretion under Penal Law § 400.00 (3) (a) to dismiss an application filed by an individual who lacks significant ties to the county.
In reaching this conclusion, the Court is mindful that an objection to venue ordinarily must be raised by the opposing side, and a court cannot transfer an adversarial proceeding commenced in an improper county on its own initiative (see CPLR article 5; Matter of Benedetti, 2024 NY Slip Op 24151, *2). But different considerations come into play in the context of a firearms licensure proceeding, where the applicant is the only party, and important public interests are at stake.
As observed by the Court of Appeals in Osterweil, the State Legislature's objective in requiring applicants to apply for licensure in a county where they live or work was "to discourage forum-shopping" (21 NY3d at 585 [internal quotation marks omitted]). That object, as the Legislature knew full well, could not be accomplished if licensing officers were powerless to reject applications filed in an improper county.
In addition to preventing forum shopping, the requirements of Penal Law § 400.00 (3) (a) facilitate the involvement of local police authorities, who play an essential role in the firearms licensure and regulation process. "[T]he duly constituted police authorities of the locality where such application is made" must conduct "an investigation of all statements required in the application" (Penal Law § 400.00 [4]). Local police authorities also carry out important responsibilities in the suspension and revocation process (see id. § 400.00 [11]), including (i) notifying the Court of significant contacts with licensees, (ii) serving suspension and revocation orders, (iii) seizing firearms licenses and firearms held pursuant thereto, and (iv) appearing in court to testify in suspension and revocation hearings. All of these activities are more effectively and efficiently conducted where the licensing officer, licensee/applicant and local police authorities are within reasonable geographic proximity of one another (see Matter of Davies, 133 Misc 2d 38, 41 [Oswego County Ct 1986]).
In light of the foregoing, and in the absence of any impediment to the Applicant applying for licensure in the county in which he resides or is principally employed, it is ORDERED that the application is dismissed under Penal Law § 400.00 (3) (a).
The original of this Decision & Order is being filed with the Albany County Clerk; a copy is being transmitted to the Applicant via U.S. mail and email. The Albany County Clerk shall return the original application papers to the Applicant upon his request.
So Ordered!
Dated: May 30, 2024
Albany, New York
RICHARD M. PLATKIN
A.J.S.C.

Footnotes

Footnote 1:Given the nature of this matter, the Court has chosen to employ an anonymous caption for publication.

Footnote 2:To be sure, the Applicant's employer maintains its principal place of business in Albany County, which is "the location where [DTF] officers direct, control, and coordinate the [agency's] activities (Hertz Corp. v Friend, 559 US 77, 92-93 [2010])" (Matter of Benedetti, 2024 NY Slip Op 24151, *3 [Sup Ct, Albany County 2024] [Marcelle, J.]). But an applicant's place of "principal[ ] employ[ment]," as used in Penal Law § 400.00 (3) (a), refers to the "the place where the employee [regularly] carries out his [or her] employment tasks" (id., *4 [emphasis added]).